PAN AMERICAN WORLD AIRWAYS, INC., peticionaria, *v.* TRIBU-
NAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON.
ALFONSO R. GARCÍA MARTÍNEZ, JUEZ, demandado; ELADIO
MARRERO ET ALS., interventores.

*Número:* O-71-166 *Resuelto:* 23 de febrero de 1972

*Hartzell, Fernández, Novas & Ydrach,* abogados de la peticionaria; *Elí Beléndez García, José A. Suro, Antonio José Amadeo y Ernesto Rodríguez Font,* abogados de los interventores.

PER CURIAM: Invocando las disposiciones de la Ley Núm. 379 de 15 de mayo de 1948, 29 L.P.R.A. secs. 271 *et seq.,* que regula la jornada de trabajo y las de la Ley Núm. 96 de 26 de junio de 1956, 29 L.P.R.A. (Supl. 1961) secs. 245 *et seq.,* sobre salarios mínimos, varios empleados suyos incoaron querella contra Pan American World Airways, Inc., reclamando compensación a razón de tipo doble por 1) las horas trabajadas en exceso de 8 horas dentro de períodos de 24 horas consecutivas; 2) las horas trabajadas en exceso de 48 horas semanales, y 3) las horas trabajadas durante el día semanal de descanso. La reclamación cubre el período comprendido entre los años 1948 y 1958.

La demandada solicitó se dictara sentencia sumaria desestimando la querella alegando que es un porteador aéreo que se dedica al comercio interestatal y extranjero y como tal, sus relaciones con los querellantes se rigen exclusivamente por las disposiciones de la Railway Labor Act, 45 U.S.C.A. sec. 151 *et seq.* Acompañó a su solicitud declaraciones juradas y copias de los convenios colectivos existentes entre la querellada y las uniones que representan a los querellantes. Dicha solicitud fue declarada sin lugar y en reconsideración la querellada presentó una declaración jurada de su gerente de ventas al efecto de que a todos y cada uno de los querellantes se les ha pagado de acuerdo con las estipulaciones de los convenios colectivos y específicamente que "el salario por horas en exceso de ocho durante la jornada (diaria) o de cuarenta durante la semana de trabajo en ningún caso ha sido menor de vez y media del salario ordinario."

Aunque los querellantes se opusieron. a que se dictara sentencia sumaria nunca controvirtieron los hechos alegados por la querellada. La moción de reconsideración fue declarada sin lugar.

Expedimos un auto de *certiorari* para revisar dichos procedimientos y resolvimos, entre otras cosas, que los querellantes sólo tienen derecho a que se le satisfagan las horas extras a razón de tiempo y medio, salvo aquéllas en exceso de 12 diarias o 48 semanales o trabajadas durante el séptimo día en que por disposición de los convenios colectivos se les compensaría a tiempo doble. Dijimos que la disposición apropiada del recurso sería revocar la resolución dictada y desestimar la querella en todas sus partes pues de la prueba incontrovertida presentada por la querellada se desprende que se les compensó debidamente las horas extras. "Sin embargo," agregamos, "de una lectura de tres de los convenios colectivos que se unieron a dicha moción, surge que es posible que, con motivo de los cambios de turnos, los querellantes hayan trabajado en exceso de 8 horas durante 24 horas consecutivas o durante el día de descanso, las cuales se le compensaron a tipo sencillo. Como el 'Disponiéndose' del artículo 5 provee el pago, cuando menos, a tiempo y medio del tipo regular, es posible que no haya un ausencia total de causa de acción. ([13]) *Ponce Ramos* v. *Fajardo Sugar Co.*, supra."

En su consecuencia anulamos el auto expedido y devolvimos el caso al tribunal de instancia para ulteriores procedimientos no inconsistentes con nuestra opinión. *Pan American* v. *Tribunal Superior*, 86 D.P.R. 139 (1962).

En los procedimientos ulteriores y a instancias de la parte querellante se designó un comisionado especial con la encomienda de que examinará los récords de asistencia diaria durante el período a que se refiere la reclamación, a los fines de determinar si los querellantes fueron compensados a tiempo y medio por trabajo realizado en exceso de 8 horas durante el período consecutivo de 24 horas, con motivo del

cambio de turnos o en su día de descanso. Más tarde los querellantes solocitaron que se ampliara la encomienda del comisionado para que incluyera una relación de las horas extras trabajadas en cualesquiera circunstancias y no únicamente por efecto de los cambios de turno. En 17 de octubre de 1968, el tribunal de instancia dictó una resolución accediendo a lo solicitado por los querellantes y dispuso que como los propios récords de la querellada demuestran, fuera de toda duda que ésta dejó de pagar en numerosas ocasiones, horas trabajadas por sus empleados no relacionadas con cambio de turno, era lo más juicioso que se recibiera prueba sobre todas las horas no compensadas "según surge de las alegaciones de la querella radicada en este caso."

Acordamos revisar esa resolución y resolvimos que el mandato de este Tribunal constituye la ley del caso entre las partes y que todo lo que podía considerar el tribunal a quo es lo referente a las horas extras trabajadas con motivo de los cambios de turno. En su consecuencia, anulamos la resolución objeto de revisión y devolvimos el caso para ulteriores procedimientos. *Pan American* v. *Tribunal Superior*, 97 D.P.R. 447 (1969).

Una vez devuelto el caso, las partes radicaron en el tribunal de instancia una estipulación acompañada de los anexos "A" y "B". El anexo "A" contiene los nombres de 108 de los demandantes que trabajaron para la demandada durante el período de 10 años (1948 a 1958) cubiertos por la demanda. Ese anexo contiene, además de los nombres de los 108 reclamantes, (1) el término cubierto, (2) clasificación del empleado, (3) meses por hora, (4) tipo de salario regular por hora, (5) cantidad sencilla a pagar y (6) la cantidad con penalidad a pagar.

Las partes convinieron que toda la información que aparece en el susodicho anexo "A" es correcta y que la compensación total adicional a que tendrían derecho a recibir los demandantes cuyos nombres figuran en el anexo "A", sería

computada en la forma siguiente: (1) los mecánicos recibirían la compensación adicional, incluyendo la penalidad que se consigna en la columna marcada con el número 6 del anexo "A", a razón de $1.94 por hora, y (2) los trabajadores de mantenimiento recibirían la compensación adicional, incluyendo la penalidad que se consigna bajo la columna 6 del anexo "A", a razón de $1.40 por hora.

Estipularon también las partes que en cuanto a los demandantes cuyos nombres figuran en el anexo "B", la demandada alega que no tienen derecho a recibir compensación adicional alguna ya que recibieron toda la compensación que les correspondía de acuerdo con la ley y los convenios colectivos y que sobre estos hechos las partes no han podido llegar a un acuerdo, siendo, por consiguiente, necesario celebrar una audiencia para determinar dicha controversia.

En la estipulación suplicaron del tribunal que dicte una orden:

A) Aprobando lo convenido y estipulado por las partes con respecto a los demandantes cuyos nombres figuran en el Anexo "A".

B) Cualquier otro pronunciamiento que proceda, haga u ordene la Corte con respecto a los demandantes que se enumeran en el Anexo "B".

En 19 de octubre de 1970 los abogados de los demandantes radicaron una moción solicitando sentencia con respecto a los reclamantes cuyos nombres figuran en el anexo "A", con intereses sobre la compensación adicional a ser pagada a cada reclamante, a razón del 6% anual a contar desde la fecha de la radicación de la demanda (1958). Posteriormente solicitaron que se le fijasen honorarios de abogado.

La Secretaria del Trabajo compareció mediante moción dando su conformidad a la aprobación de la estipulación radicada por las partes y suplicando se dictase sentencia a favor de los querellantes por las cantidades que aparecen en el anexo "A".

En 16 de diciembre de 1970 el tribunal de instancia dictó sentencia condenando a la demandada a pagar a los demantes que figuran en el anexo "A" las cantidades allí consignadas más intereses sobre las mismas a razón del 6 por 100 anual desde la fecha de la radicación de sus reclamaciones hasta su pago. Además la condenó a pagar, en concepto de honorarios de abogado, el 30% de la suma total que cada uno de dichos demandantes habría de recibir en este caso.[1]

Expedimos un auto para revisar esa sentencia.

Al resolver el primer recurso de *certiorari* en el caso de *Pan American* v. *Tribunal Superior*, supra, dijimos que la ley aplicable era la Ley Núm. 379 de 15 de mayo de 1948 y que la única disposición aplicable de la Ley de Salario Mínimo era la referente a la prescripción de las acciones. Ese dictamen nuestro constituye la ley del caso en cuanto al estatuto a ser aplicado. A la luz de ese dictamen fue que las partes entraron en la estipulación referente a los 108 reclamantes cuyos nombres se consignaron en el tantas veces mencionado anexo "A".

Entendiéndolo así fue que el tribunal sentenciador, al conceder en su sentencia los intereses sobre las sumas a pagar a partir de la radicación de la demanda y hasta su pago, aplicó el Art. 1061 del Código Civil (31 L.P.R.A. sec. 3024) y no la Sec. 30 de la Ley de Salario Mínimo.[2]

 La Ley Núm. 379 de 1948, que rige este caso, ya que no se trata de una reclamación por compensación inferior a la prescrita en la Ley de Salario Mínimo (secs. 245 a 246m del título 29 de L.P.R.A.) y sí de reclamación por compensación menor a la fijada en los Arts. 2 a 19 de dicha Ley Núm. 379,

---

[1] Según alega la demandada en su memorando, los intereses ascienden a la suma aproximada de $120,000.00 y el monto de los honorarios de abogado sería de unos $82,000.00 aproximadamente.

[2] La indicada Sec. 30 de la Ley de Salario Mínimo—Ley Núm. 96 de 26 de junio de 1956—incluye por primera vez los intereses, además de la compensación adicional, cuando el obrero o empleado reclama por la vía judicial.

dispone expresamente las sumas a pagarse en concepto de liquidación de daños y perjuicios y que consiste, según sabemos, en una suma igual a la cantidad no pagada, además de las costas, gastos y honorarios de abogado. Art. 13 de la Ley Núm. 379.(3) No se dispuso en esta ley que además de la indemnización ya mencionada, el patrono pagaría intereses sobre las sumas adeudadas a partir de su reclamación por la vía judicial, distinto a lo que en el año 1956, consignó expresamente el legislador en el Art. 30 de la Ley de Salario Mínimo, indicativo ello de que tanto la penalidad impuesta por las leyes de Salario Mínimo anteriores al 1956 como por la Ley Núm. 379, por ser leyes especiales sobre la materia de salarios, son las que establecen la medida de compensación adicional como daños y perjuicios y a ellas debemos atenernos y no al precepto general del Art. 1061 del Código Civil que dispone que si la obligación consistiere en el pago de una cantidad de dinero y el deudor incurriere en mora, la indemnización de daños y perjuicios, no habiendo pacto en contrario, consistirá en el pago de los intereses convenidos, y a falta de convenio, en el interés legal. La Ley Núm. 379 varió esta medida de indemnización por otra más onerosa, como lo es el pago adicional de una igual a la adeudada.(4) Al así

---

(3) En *Pan American* v. *Tribunal Superior*, 86 D.P.R. 139, a la pág. 153, dijimos:

"Pero como se verá inmediatamente, la Ley 379 ni establece un salario mínimo mayor ni una jornada de trabajo menor. Si bien es verdad que esta última establece el pago a tipo doble de las horas trabajadas en exceso de 8 diarias, hemos visto que esta norma no es aplicable a los porteadores aéreos por virtud del 'Disponiéndose' del artículo 5. Cfr. *Wage Stabilization in the Airline Industry*, 20 *J. Air Law & Comm.* 282 (1953). *Laborde* v. *Eastern Sugar Associates*, 81 D.P.R. 478, 483 (1959), citado por los interventores, no envolvía la aplicación estricta de la norma establecida en el 'Disponiéndose' del artículo 5, pues como hemos expuesto precedentemente, la industria azucarera estaba cubierta por el Decreto núm. 3, cuya vigencia fue expresamente mantenida por la sección 22 de la Ley 379. *Caguas Bus Line* v. *Sierra*, 73 D.P.R. 743 (1952)."

(4) Bajo la actual Ley de Salario Mínimo la medida de daños y perjuicios se ha hecho más onerosa aún pues además de incluir como penalidad la suma igual a la adeudada, ha incluido también el pago de los intereses.

hacerlo, taxativamente determinó cual era la medida de daños y la que, según hemos dicho ya, no incluye los intereses. Véase el caso de *Brooklyn Savings Bank* v. *O'Neil*, 324 U.S. 697; interpretativo de la Sec. 16(b) de la Ley Federal de Normas Razonables del Trabajo de 1938, en lo que a la penalidad respecta.

Concluimos, por lo tanto, que el tribunal sentenciador incidió al condenar a la demandada al pago de los susodichos intereses.

La demandada ataca también, por considerarla excesiva, la cuantía concedida a los demandantes en concepto de honorarios de abogado, la que según hemos indicado ya, es equivalente a un 30% de las sumas correspondientes a cada uno de dichos demandantes.

■ Las constancias en autos demuestran que la labor realizada en este caso por los abogados de los demandantes, tomando en consideración la naturaleza del litigio, las cuestiones envueltas, la cuantía en controversia y el tiempo invertido por dichos abogados durante la prolongada duración del caso, la cuantía para honorarios de abogado debe ser fijada en $45,000.00 y en ese sentido debe modificarse la sentencia del tribunal a quo. Véase, *Prado* v. *Quiñones*, 78 D.P.R. 322 (1955).

*Se revocará el pronunciamiento de la sentencia dictada por el Tribunal Superior, Sala de San Juan, que condena a la demandada a pagar a los demandantes intereses a razón de 6% anual a partir de la radicación de la demanda y se confirmará en sus demás extremos y se modificará en el sentido de fijar la cuantía para honorarios de abogado en $45,000.00.*

El Juez Presidente, Señor Negrón Fernández y los Jueces Asociados, Señor Hernández Matos y Rigau, no intervinieron.