CARLOS BETANCOURT CALO y OTROS, demandantes y recurridos, *v.* INTERNATIONAL AIR SERVICES OF PUERTO RICO, INC. y OTROS, demandados y recurrentes.

*Número:* RE-92-440          *Resuelto:* 20 de mayo de 1993

*Zaida Prieto Rivera*, de *Cancio, Nadal y Rivera*, abogada de los recurrentes; *Felipe Cirino Colón*, abogado de los recurridos.

## SENTENCIA

El 8 de enero de 1988 los querellantes, trabajadores de carga y descarga durante más de 24 años consecutivos en el Aeropuerto Internacional Luis Muñoz Marín, fueron despedidos de sus empleos. El 30 de diciembre de ese año presentaron una demanda contra International Air Service of Puerto Rico, Inc. (en adelante International) y Airport Aviation. Su reclamación contenía cuatro causas de acción. En la primera se alegó que la demandada le adeudaba salarios por concepto de horas extras trabajadas durante los últimos tres años de labor, a tenor con lo establecido en la Ley Núm. 379 de 15 de mayo de 1948, según enmendada, 29 L.P.R.A. sec. 282. La segunda causa de acción era una reclamación de mesada a tenor con la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 L.P.R.A. sec. 185, por despido injustificado. La tercera causa de acción estaba fundada en que al momento del despido no se había pagado a los demandantes las vacaciones acumuladas, el Bono de Navidad ni la licencia por enfermedad acumuladas (correspondiente a los últimos tres años de labor), a tenor con lo establecido por la Ley Núm. 96 de 25 de junio de 1956 (29 L.P.R.A. sec. 245 *et seq.*) y por la Ley Núm. 148 de 30 de junio de 1969, según enmendada, 29 L.P.R.A. sec. 501. La cuarta causa de acción era una reclamación por daños y perjuicios. A los fines del procedimiento para la tramitación de su querella, las partes se acogieron a lo dispuesto en la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 L.P.R.A. sec. 3118 *et seq.*

La demandada, International, fue emplazada el 10 de febrero de 1989. El 16 de febrero de ese año, ésta presentó una moción en la que informaba al tribunal que se había

acogido a un procedimiento bajo la Ley Federal de Quiebras desde el 27 de mayo de 1988, por lo que solicitaba la paralización de esta querella. El 13 de noviembre de 1989 la demandada informó al tribunal de instancia que la Corte de Quiebras había desestimado su solicitud de quiebra el 1ro de noviembre de ese año. Solicitó también el relevo de su representación legal, que el tribunal le aceptó, concediéndole el 27 de noviembre un término de 30 días para informar su nueva representación legal. El 5 de enero de 1990 se comunicó la nueva representación legal de la demandada con el tribunal y el 8 de enero solicitó una prórroga de 30 días para contestar la querella.

El 29 de enero de 1990 los recién nombrados abogados de la demandada solicitaron que se les relevara y que se le diera a la demandada 30 días para informar otra nueva representación legal. El tribunal también accedió a esta petición.

Varios meses más tarde, el 22 de agosto de 1990, la parte querellante pidió al tribunal la anotación de rebeldía contra la demandada International por no haber contestado aún la querella. La moción le fue remitida a la demandada, y el 20 de septiembre de ese año se le anotó la rebeldía.

El 6 de junio de 1991 compareció la demandada anunciando su nueva representación legal y el 2 de julio de ese año solicitó mediante una moción que se dejara sin efecto la anotación de rebeldía. El tribunal un concedió término a la parte querellante para replicar a tal moción, lo que ésta hizo, y el 28 de octubre de 1991 declaró sin lugar la solicitud de relevo de rebeldía.

El 9 de julio de 1992 el tribunal hizo un detallado recuento de todos los trámites procesales, los relatados antes y otros, destacando expresamente "la actitud de injustificada dejadez" y la "dilación indebida de los procedimientos" de parte de International, señalando que su injustificada "prolongación" de éste caso había causado perjuicio y con-

secuencias negativas a la parte querellante. También destacó el tribunal de instancia, citando decisiones nuestras, que tales prácticas dilatorias, "que sobrecargan indebidamente el sistema de justicia" (Apéndice XI, pág. 13), son particularmente improcedentes en casos como éste, donde la Asamblea Legislativa ha ordenado un procedimiento sumario que exige pronta solución de las querellas en cuestión. Determinó que desde el 1ro de noviembre de 1989 la demandada estaba sujeta a responder a la querella en su contra, que debía contestar dentro del plazo sumario de 10 días y, sin embargo, al 2 de julio de 1991 todavía no lo había hecho. Finalmente, el tribunal indicó que había transcurrido "un período considerable de tiempo" desde que se le notificó a la demandada la denegatoria de su moción de relevo de rebeldía sin que ésta hubiese "radicado recurso de revisión alguno" ni realizado "ninguna otra gestión en el caso a su favor", por lo cual procedió a dictar lo siguiente:

## SENTENCIA PARCIAL

Por los fundamentos expuesto[s] anteriormente, se dicta sentencia parcial en el caso, declarando CON LUGAR la querella en contra de *International* Air Service [de] Puerto Rico, Inc., condenándola a pagar a éstos la cantidad de $218,245.60, en la primera causa de acción; $68,481.60, en la segunda causa de acción, y $23,034.54, en la tercera causa de acción. Se le impone además el pago de $30,000.00 en concepto de honorarios de abogado, así como el pago de los intereses legales sobre el total de dicha suma reclamada en la primera y segunda causa de acción desde que ocurrió el despido hasta su completo pago.

En cuanto a la tercera causa de acción en reclamación del [B]ono de [N]avidad, se impone el pago de intereses desde que el empleado tenía derecho al pago de·cada bono y no le fue satisfecho.

*Se desestima*, sin perjuicio, la cuarta causa de acción por daños y perjuicios incoada contra *International*.

Se dispone la continuación inmediata de los procedimientos en contra de la co-querellada *Airport* Aviation Services para resolver en su día si fue patrono sucesor y/o adquirió de *International* un negocio en marcha y su grado de responsabilidad,

si alguna, para con los querellantes. (Énfasis en el original.) Apéndice XI, págs. 20–21.

Inconforme con esta sentencia, International acudió ante nos para señalar lo siguiente:

1. El Honorable Tribunal Superior cometió error al imponer el pago de intereses a partir de la fecha de despido en una reclamación de horas extras a tenor con la Ley 379 del 15 de mayo de 1948, según emmendada, 29 L.P.R.A. secs. 271 [*et seq.*]

2. El Honorable Tribunal Superior cometió error al imponer intereses a partir de la fecha de despido en una reclamación de mesada a tenor con la Ley 80 del 30 de mayo de 1976, según enmendada, 29 L.P.R.A. secs. 185A y siguientes.

3. El Honorable Tribunal Superior cometió error al imponer intereses en una reclamación de bono a tenor con la Ley 148 del 30 de junio de 1969, según enmendada, 29 L.P.R.A. secs. 501 y siguientes, a partir de la fecha en que debió recibirse el bono.

4. El Honorable Tribunal Superior cometió error en la cantidad otorgada por concepto de honorarios de abogado. Revisión, pág. 4.

El 6 de noviembre de 1992 le dimos un término a la parte recurrida para mostrar causa por la cual no debía modificarse la sentencia de instancia (1) en lo relativo al pago de intereses sobre la reclamación de horas extras; (2) respecto a la fecha a partir de la cual deben computarse los otros intereses imputados, y (3) en cuanto a la cantidad otorgada por concepto de honorarios de abogado. Luego de tres prórrogas, la recurrida compareció, y estando en posición de resolver, procedemos a hacerlo.

## II

En su primer señalamiento de error, el recurrente cuestiona que se le haya impuesto el pago de intereses en la reclamación de horas extras. El recurrente entiende que conforme a lo establecido en la Ley Núm. 379, *supra*, y en el caso de *Pan American v. Tribunal Superior*, 100 D.P.R. 413 (1972), el pago de intereses es improcedente. El recurrente tiene razón.

La Ley Núm. 379, *supra*, establece en su Art. 13 (29 L.P.R.A. sec. 282) lo siguiente:

> Todo empleado que reciba una compensación menor que la fijada en las secs. 271 a 288 de este título para horas regulares y horas extras de trabajo o para el período señalado para tomar los alimentos tendrá derecho a recobrar de su patrono mediante acción civil las cantidades no pagadas, más una suma igual por concepto de liquidación de daños y perjuicios, además de las costas, gastos y honorarios de abogados del procedimiento.

Interpretando la ley referida, hemos establecido que en ésta no se dispuso que, además de la indemnización, el patrono pagaría intereses sobre las sumas adeudadas a partir de su reclamación por la vía judicial. Hemos indicado, además, que a las reclamaciones de salario no les aplica el Art. 1061 del Código Civil, 31 L.P.R.A. sec. 3025. Específicamente, la Ley Núm. 379, *supra*, varió esta medida de indemnización por otra más onerosa, como lo es el pago adicional de una suma igual a la adeudada. *Pan American v. Tribunal Superior*, supra. Los trabajadores reclamaron en su querella $109,122.80 por concepto de horas trabajadas en exceso de la jornada regular, y el tribunal de instancia, conforme con la Ley Núm. 379, *supra*, le concedió el *doble* de lo reclamado, como penalidad o indemnización adicional. No procede, pues, la imposición de intereses. Como dijimos en *Pan American v. Tribunal Superior*, supra, en la Ley Núm. 379, *supra*, que rige este caso, el legislador determinó *taxativamente* cuál era la medida de daños y no incluyó los intereses.

### III

En el segundo señalamiento de error, el recurrente indica que, a la luz de lo establecido en la Ley Núm. 80, *supra*, no procedía la imposición de intereses en relación con la reclamación de mesada desde que ocurrió el despido, sino desde que se dictó la sentencia. Señala que aunque

entiende que a una reclamación bajo la Ley Núm. 80, *supra*, le aplica la Regla 44.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, en este caso, como el tribunal de instancia no determinó que la recurrente fue temeraria, no procedía la imposición de intereses presentencia.

Hemos resuelto reiteradamente que no es necesario que un tribunal de instancia determine *expresamente* que el litigante en cuestión actuó con temeridad. Si impone la sanción pertinente, se presume que la determinación de temeridad está implícita en la sentencia dictada, sobre todo si los términos en los cuales está redactada la sentencia así lo revelan. *Montañez Cruz v. Metropolitan Cons. Corp.*, 87 D.P.R. 38 (1962); *Sucn. Arroyo v. Municipio*, 81 D.P.R. 434 (1959); *Rodríguez v. Alcover*, 78 D.P.R. 822 (1955); *Vélez v. Ríos*, 76 D.P.R. 860 (1954); *Castro v. Payco, Inc.*, 75 D.P.R. 63 (1953); *Font v. Pastrana*, 73 D.P.R. 247 (1952). El tribunal de instancia hace en este caso numerosas referencias expresas en su sentencia a las múltiples prácticas dilatorias del recurrente y luego le impone intereses presentencia y honorarios de abogado. No cabe duda, pues, que el tribunal entendió, con razón, que el recurrente fue temerario. La Regla 44.3 de Procedimiento Civil, *supra*, permite la imposición de intereses "desde que haya surgido la causa de acción en todo caso de cobro de dinero" cuando una parte ha procedido con temeridad. El tribunal entendió en este caso que el recurrente fue temerario, por lo que procedía la imposición de intereses desde que surgió la causa de acción. No se cometió el segundo error imputado.

## IV

Como tercer señalamiento de error, el recurrente señala que el tribunal de instancia no debió imponer intereses a partir de la fecha en que debió pagarse el bono de Navidad. Se nos indica que la Ley Núm. 148, *supra*, provee para el

pago de una compensación adicional y no provee para el pago de intereses, añadiendo que, no obstante, como el bono se reclama a tenor con la Ley Núm. 96, *supra*, le sería de aplicación el pago de intereses a partir de la fecha de la sentencia y no a partir de la fecha en que el empleado tenía derecho a recibirlo. Entiende, por lo tanto, que la compensación adicional de la Ley Núm. 148, *supra*, excluye, a la luz de lo resuelto en el caso *Pan American v. Tribunal Superior*, supra, la imposición de intereses a partir del momento en que el bono debió pagarse porque la penalidad sustituye cualquier interés presentencia.

La Ley Núm. 148, *supra*, en su Art. 2 (29 L.P.R.A. sec. 502) establece en lo pertinente lo siguiente:

> Si el pago del bono que por este Capítulo se establece no se efectúa en la forma y dentro del término ya indicado, o en la fecha en que convengan el patrono y sus trabajadores o empleados, el patrono vendrá obligado a pagar, en adición a dicho bono, una suma igual a la mitad del bono en concepto de compensación adicional cuando el pago se haya efectuado dentro de los primeros seis (6) meses de su incumplimiento. Si tardare más de seis (6) meses en efectuar el pago el patrono vendrá obligado a pagar otra suma igual a dicho bono, como compensación adicional.—Junio 30, 1969, Núm. 148, p. 564, art. 2; Junio 19, 1970, Núm. 12, p. 442, sec. 2, ef. Junio 19, 1970.

Por su parte, la Ley Núm. 96, *supra*, en su Sec. 30 (29 L.P.R.A. sec. 246(b)) establece, en lo pertinente, lo siguiente:

> (a) Todo obrero o empleado que por su trabajo reciba compensación inferior a la prescrita en las secs. 245 *et seq.* de este título o en un decreto mandatorio, orden o reglamento de la Junta de Salario Mínimo o en un convenio colectivo o en un contrato individual de trabajo tendrá derecho a cobrar mediante acción civil la diferencia adeudada hasta cubrir el importe total de la compensación que le corresponda, por concepto de salario, vacaciones, licencia por enfermedad o cualquier otro beneficio, más una cantidad igual a la que se le haya dejado de satisfacer, por concepto de compensación adicional, además de las costas, gastos, intereses y honorarios de abogado del procedimiento, estos últimos en suma razonable que nunca bajará de

cincuenta (50) dólares, sin que para nada de ello obste pacto en contrario.

Al analizar entre dos disposiciones de ley en conjunto encontramos que proveen para el pago de una compensación adicional y que también permiten el pago de intereses. Siguiendo la misma lógica de lo resuelto en *Pan American v. Tribunal Superior*, supra, esos intereses no pueden imponerse a partir de la fecha cuando el bono debió pagarse porque la penalidad que provee la Ley Núm. 148, *supra*, sustituye cualquier interés presentencia. Por lo tanto, los intereses se impondrán a partir de la sentencia conforme a lo resuelto en *Morales Torres v. J.R.T.*, 119 D.P.R. 286 (1987).

Aquí los querellantes reclamaron $9,212.67 por concepto de Bono de Navidad y el tribunal le concedió $18,425.34, o sea el doble, aplicando así la compensación adicional o penalidad que establece la Ley Núm. 148, *supra*. Por ende, sólo proceden intereses a partir de la sentencia y no a partir de la fecha en que el bono debió pagarse, como erróneamente resolvió el tribunal de instancia.

V

Finalmente, el recurrente cuestiona, en su cuarto señalamiento, la imposición de $30,000 por concepto de honorarios de abogado por entender que, no habiendo una determinación expresa de temeridad, sólo podían imponerse dichos honorarios a la luz de la política pública vigente en casos laborales con arreglo a la cual procede la imposición mandatoria de honorarios al patrono con el propósito de evitar que la cuantía otorgada a un obrero se reduzca por la cantidad que paguen a sus abogados. El recurrente alega que conforme a tal política los honorarios se limitan a lo que razonablemente compense el trabajo del abogado del obrero. El recurrente estima que la cantidad de $30,000 por los trabajos realizados es excesiva.

No tiene razón el recurrente, por dos razones distintas. En primer lugar, ya resolvimos antes que sí hubo en este caso una conclusión tácita y justificada por parte del tribunal de instancia de temeridad, por razón de las múltiples prácticas dilatorias del recurrente en un procedimiento sumario como era éste. La cantidad fijada por honorarios en este caso se justifica en parte como elemento punitivo-disuasivo por la temeridad del recurrente. *Vega v. Luna Torres*, 126 D.P.R. 370 (1990); *Fernández v. San Juan Cement Co., Inc.*, 118 D.P.R. 713 (1987).

En segundo lugar, se equivoca también el recurrente al estimar lo que debe pagarse por honorarios por la labor del abogado de los querellantes. Aquí la imposición de honorarios se justifica en parte como remuneración por servicios prestados, y al determinar tal remuneración deben tomarse en cuenta no sólo las horas de trabajo rendidas sino también otros factores tales como la naturaleza y complejidad del caso; la habilidad, experiencia y reputación del abogado; la cuantía involucrada en el litigio, y otros similares. *Vega v. Luna Torres*, supra. Aquí el abogado de los obreros tiene casi 28 años de experiencia y ha alegado que le dedicó aproximadamente 287 horas de trabajo a este caso durante cuatro años y medio desde que asumió la representación legal de los querellantes, lo que parece razonable. Además, la cuantía de la sentencia —excluyendo costas, intereses y honorarios— excede los $300,000.

A la luz de todas las anteriores consideraciones, no puede concluirse que el tribunal abusó de su discreción al fijar honorarios por $30,000. No erró el tribunal.

Por las razones expuestas, *se modifica la sentencia parcial dictada por el Tribunal Superior, Sala de San Juan, el 9 de julio de 1992: (1) eliminando lo relativo al pago de intereses sobre la cantidad concedida como indemnización por la reclamación de horas extras y (2) limitando el pago de intereses sobre la cantidad concedida por la reclamación*

*de Bono de Navidad a lo que proceda a partir de la fecha de la sentencia.*

Lo pronunció, manda el Tribunal y certifica el señor Secretario General. El Juez Asociado Señor Rebollo López concurrió y disintió con opinión escrita.

(*Fdo.*) Francisco R. Agrait Lladó
*Secretario General*

**— O —**

Opinión concurrente y disidente emitida por el Juez Asociado Señor Rebollo López.

No obstante el hecho de que lo expresado en las partes I, II, III y IV de la sentencia emitida en el presente recurso por una mayoría de los integrantes del Tribunal no es el mejor ejemplo de juridicidad, el resultado al que se llega en las mismas es básicamente correcto; razón por la cual estamos de acuerdo con lo allí resuelto.

No podemos, sin embargo, brindar nuestra conformidad a lo expresado, *y resuelto*, en la parte V de la sentencia mayoritaria; esto es, de que es razonable, y procedente en derecho, la imposición de la suma de treinta mil dólares ($30,000), por concepto de honorarios de abogado, en el presente caso. Mucho menos podemos endosar los fundamentos que se aducen en la sentencia mayoritaria en apoyo de dicha determinación.

I

No obstante tratarse de un caso de reclamación de alegadas horas extras trabajadas y no pagadas, de mesada por despido injustificado, del pago de vacaciones acumuladas, Bono de Navidad y licencia por enfermedad, en el cual la parte actora se acogió a los procedimientos regulados por las disposiciones de la Ley Núm. 2 de 17 de octubre de

1961 (32 L.P.R.A. sec. 3118 *et seq.*), la sentencia mayoritaria emitida funda su determinación respecto a la imposición de honorarios, *en primer lugar*, en la existencia de "temeridad" por parte de la demandada recurrente. A esos efectos, se expresa en la sentencia mayoritaria emitida que:

> No tiene razón el recurrente, por dos razones distintas. En primer lugar, ya resolvimos antes que *sí hubo* en este caso una conclusión tácita y justificada por parte del tribunal de instancia de temeridad, *por razón de las múltiples prácticas dilatorias del recurrente en un procedimiento sumario como era éste.* La cantidad fijada por honorarios en este caso *en parte se justifica como elemento punitivo-disuasivo por la temeridad del recurrente.* Vega v. Luna Torres, 126 D.P.R. 370 (1990); *Fernández v. San Juan Cement Co., Inc.,* 118 D.P.R. 713 (1987). (Énfasis suplido.) Sentencia, pág. 400.

Independientemente de la procedencia, y aplicación, del concepto de "temeridad" en esta clase de casos, en relación con la imposición, *en casos ordinarios y corrientes*, de honorarios de abogado por razón de temeridad este Tribunal expresó —en *Corpak, Art Printing v. Ramallo Brothers*, 125 D.P.R. 724 (1990)[1]— en lo pertinente que:

> En consecuencia —y no obstante el hecho de que al cuantificar esos honorarios, los tribunales de instancia pueden tomar en consideración factores tales como la naturaleza del litigio, las cuestiones de derecho envueltas en el mismo, la cuantía en controversia, el tiempo invertido, los esfuerzos y actividad profesional que hayan tenido que desplegarse, y la habilidad y reputación de los abogados envueltos, *Serrano Vda. de Cartagena v. Lugo Ramírez,* 83 D.P.R. 300, 303 (1961); *Pan American v. Tribunal Superior,* 100 D.P.R. 413 (1972); *Veve v. Municipio de Fajardo,* 18 D.P.R. 770, 771 (1912)— *deberá mantenerse presente que el grado o intensidad de la conducta temeraria o frívola es el criterio o factor determinante y crítico que tienen que tomar en consideración dichos tribunales al determinar la cuantía de los honorarios de abogado a imponerse a la parte perdidosa que ha actuado con temeridad o frivolidad, Santos Bermúdez v. Texaco P.R., Inc.,* 123 D.P.R. 351 (1989); *factor que*

---

[1] 90 J.T.S. 37.

*será, a su vez, el que este Tribunal, de manera principal, tomará en cuenta al decidir si los tribunales de instancia han ejercitado o no en forma correcta la discreción que a esos efectos le concede la citada Regla 44.1(d) de Procedimiento Civil.* (Énfasis suplido y en el original.) *Corpark, Art Printing v. Ramallo Brothers,* supra, págs. 738–739.

De lo antes transcrito merece enfatizarse el hecho de que, conforme lo resuelto por este Tribunal, el *factor principal, crítico y determinante* al cuantificarse los honorarios de abogado en situaciones de temeridad lo es "el grado o intensidad" de la conducta temeraria o frívola. Se nos dice, en la Sentencia mayoritaria emitida, que en el presente caso procede la imposición de honorarios por temeridad por "razón de las múltiples prácticas dilatorias del recurrente en un procedimiento sumario como era éste". Sentencia, pág. 400. *Procede que uno se pregunte:* ¿Cómo es posible que se considere temeraria a la parte demandada cuando *todos* las mociones de prórroga, renuncia de representación legal y asunción de nueva representación legal *fueron concedidas por el tribunal de instancia?* En otras palabras, "te concedo las prórrogas, te concedo las renuncias de representación legal y te permito las nuevas", *pero*, luego "te castigo por ello". Ello, no sabemos por qué razón, nos recuerda el cuento del "pescaíto". Dicha acción judicial *es insostenible* ya que el hecho de que el foro de instancia declarara con lugar dichas solicitudes significa, *obligatoria y necesariamente*, que las mismas eran procedentes.

## II

En segundo término, en la sentencia mayoritaria emitida se *intenta* justificar la suma de treinta mil dólares ($30,000) concedida por concepto de honorarios de abogado expresando que:

En segundo lugar, se equivoca también el recurrente al estimar lo que debe pagarse por honorarios por la labor del abogado de los querellantes. Aquí la imposición de honorarios *se*

*justifica en parte como remuneración por servicios prestados*, y al determinar tal remuneración *deben tomarse en cuenta no sólo las horas de trabajo rendidas sino también otros factores tales como* la naturaleza y complejidad del caso; la habilidad, experiencia y reputación del abogado; la cuantía involucrada en el litigio, y otros similares. *Vega v. Luna Torres*, supra. Aquí el abogado de los obreros tiene casi 28 años de experiencia *y ha alegado que le dedicó aproximadamente 287 horas de trabajo a este caso durante cuatro años y medio desde que asumió la representación legal de los querellantes, lo que parece razonable* . Además, la cuantía de la sentencia —excluyendo costas, intereses y honorarios— excede los $300,000. (Énfasis suplido.) Sentencia, págs. 400.

En este respecto, procede recordar que este es un caso que estuvo paralizado por un período de tiempo, pendiente de la resolución de la petición de quiebra de la demandada; que conforme al propio relato que hace el Tribunal en la relación de hechos a lo único que estuvo sujeto el mismo fue a las diferentes mociones de prórroga, de renuncia de representación legal y de asunción de representación, y que el mismo se decidió en rebeldía. *Cabe preguntar*: ¿Cómo es que el abogado de los demandantes se vio obligado a dedicarle al mismo la friolera de doscientos ochenta y siete (287) horas de trabajo? ¿Es ello creíble? ¿Vale la "labor" desplegada por dicho abogado en dichos menesteres la suma de treinta mil dólares ($30,000)?

### III

En el caso antes mencionado de *Corpak Art Printing v. Ramallo Brothers* —caso más complejo que el presente— consideramos procedente la imposición de la suma de cinco mil dólares ($5,000) por concepto de honorarios de abogado a la parte perdidosa por razón de temeridad. Aquí se impone la suma de treinta mil dólares ($30,000) en un caso menos complicado y trabajoso.

Como hemos manifestado en ocasiones anteriores, aun cuando la *consistencia* en nuestras decisiones no consti-

tuye garantía absoluta de la corrección de las mismas, dicha consistencia nos permite tener la consciencia tranquila.