Alfonso de Cumpiano, Jueza Ponente
*704 TEXTO COMPLETO DE LA SENTENCIA
! Fair Lanes, Inc. (Fair Lanes) presentó recurso de apelación en solicitud de que revoquemos las sentencias emitidas por el Tribunal de Primera Instancia, Sala Superior de San Juan, mediante las que se determinó su negligencia y se declaró con lugar la demanda en daños y peijuicios presentada en su contra y contra otros demandados por el Sr. George White. En su consecuencia, se condenó a Fair Lanes, Inc. a satisfacer al señor White, solidariamente con otro demandado, el pago de daños, angustias mentales, costas, intereses y honorarios de abogado.
Alega el apelante que erró el tribunal al concluir que fue negligente, cuando existían claras controversias de hechos que impedían dictar sentencia sumaria, al ignorar la jurisprudencia que impide la imposición de negligencia aun aceptando como ciertos los hechos, al no desglosar los conceptos por los cuales se otorgaron los daños y al imponer el pago de honorarios de abogado e intereses sin indicar los hechos que dieron base a su conclusión de temeridad.
Examinados los alegatos de las partes, el expediente y las normas de derecho aplicables, procede confirmar la determinación apelada.
I
Los hechos que dan lugar a la controversia, según el expediente, surgen cuando el 15 de junio de 1992, el Sr. George White fue asaltado en el estacionamiento de la Bolera Paradise de Puerto Nuevo operada por su propietario Fair Lanes, luego de participar en una competencia de bolos. Durante el incidente, el señor White fue confrontado por dos hombres armados quienes le encañonaron con un revólver, le robaron $3,000 dólares en efectivo y le empujaron hacia el interior de su automóvil. El señor White forcejeo con uno de los asaltantes, corrió hacia la entrada del estacionamiento y mientras corría, los asaltantes le dispararon tres tiros que le impactaron en diferentes partes del cuerpo.
A la fecha de los hechos, la Sra. Elsie Trabal, guardia de seguridad de All Security Services, Inc. (All Security), proveía servicios de seguridad en el estacionamiento de la Bolera. Desempeñaba funciones en la única entrada y salida del estacionamiento. La señora Trabal no tenía licencia del Superintendente de la Policía para trabajar como guardia de seguridad, ni portaba arma de fuego. No se encontraba en su puesto cuando sucedió el asalto.
Con motivo de los disparos, el señor White sufrió una fractura conminuta del hueso del primer metatarso del pie izquierdo y la pérdida de tejido blando. Tuvo que ser operado para implantarle una placa de metal y cinco tomillos. La placa fue removida en una segunda intervención. También sufrió impacto de bala en el dedo pulgar de la mano derecha y otro en la espalda donde no pudo ser operado y tuvo que esperar que el cuerpo la expulsara. Debido a los daños, el apelado estuvo en una silla de ruedas por dos años y usó muletas o bastón por dos años más. Quedó con una incapacidad permanente de 15%.
El señor White instó demanda de daños y peijuicios contra Fair Lanes, All Security y sus aseguradoras. Alegó que los daños que sufrió se debieron a la culpa y negligencia de los demandados al no ofrecer vigilancia y protección adecuada a los clientes del negocio.
El apelante contestó la demanda, admitiendo las alegaciones sobre la persona del demandante, que operaba la Bolera, que el demandante visitó ésta el día de los hechos y lo hacía frecuentemente, que el estacionamiento tenía una sola entrada y salida vigilada por un guardia de seguridad, que el demandante sufrió fractura en el pie izquierdo. Negó las demás alegaciones y levantó varias defensas afirmativas.
Posteriormente, Fair Lanes presentó demanda de co-parte contra All Security en la cual alegó que no era *705 responsable por lo ocurrido al señor White y que de alguien serlo, lo era All Security, puesto que éste incumplió su obligación de prestar servicios de seguridad y/o desempeñó sus funciones de forma negligente. Solicitó que de dictarse sentencia en su contra, se condenara a All Security a su pago.
Durante el trámite procesal, el apelante planteó al tribunal que debía dilucidarse el asunto de su responsabilidad, ya que alegó que no había causa de acción en su contra. A tenor de lo anterior, el demandante y el codemandado Fair Lanes sometieron memorandos de derecho respecto al aspecto de negligencia de este último. En los escritos se incluyeron aspectos sobre los hechos evidenciados por documentos, conforme el descubrimiento de prueba activo entre las partes, entre éstos, que la Bolera no proveyó medidas de seguridad adecuadas, que el estacionamiento estaba oscuro, que se trataba de un área de alta incidencia criminal.
Así las cosas, Fair Lanes solicitó en moción de 11 de diciembre de 1995 que el tribunal adjudicara la cuestión de su responsabilidad, ya que la controversia planteada en su memorando "es una estrictamente de derecho que procede ser resuelta... sin necesidad de procedimientos ulteriores de las partes." Apéndice del recurso, pág. 55. All Security no sometió el asunto de su responsabilidad por el expediente.
En sentencia parcial de 4 de marzo de 1996, el tribunal adjudicó lo referente a la responsabilidad del apelante. En dicha sentencia señaló que Fair Lanes y el demandante sometieron el asunto de responsabilidad por el expediente y que el primero alegó que los hechos no estaban en controversia. Conforme los escritos y la documentación sometida, formuló determinaciones de hechos y conclusiones de derecho y concluyó que Fair Lanes fue negligente. Este apeló alegando que erró el tribunal al emitir sentencia sumaria en tomo a su negligencia, cuando existían controversias de hechos. Un panel de este Tribunal denegó el recurso, señalando que no intervendría con la decisión del tribunal hasta tanto éste tomara una decisión final sobre la adjudicación de responsabilidad de todas las partes.
El trámite procesal continuó ante el tribunal apelado, el cual celebró vistas sobre los daños y separadamente sobre el aspecto de la negligencia de All Security. Consideró prueba testifical, pericial y documental. Fair Lanes no presentó pmeba a favor de su demanda de co-parte. Finalmente, el tribunal emitió sentencia el 14 de marzo de 2000, que fue enmendada Nunc Pro Tune él 5 de abril de 2000. En la sentencia enmendada incluyó las determinaciones de hechos y conclusiones de derecho y condenó a los demandados a satisfacer solidariamente al demandante la cantidad de $153,000, consistente en $150,000 por daños físicos, sufrimientos y angustias mentales del señor White y $3,000 por la suma robada. Además, les impuso $5,000 por honorarios de abogado y el pago de costas e intereses desde la presentación del pleito.
Fair Lanes solicita en el presente recurso la revocación del dictamen en su contra.
II
Consideremos, en primer lugar, las alegaciones de Fair Lanes a los efectos de que no procedía la adjudicación de su negligencia mediante sentencia sumaria y que, aun de ser ciertos los hechos alegados en la demanda, no procedía la determinación de negligencia.
Es bien conocido el principio establecido en la Regla 36.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, que provee las bases para que una sentencia sumaria proceda si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, demuestran que no hay controversia real sustancial en cuanto a hecho material alguno y que como cuestión de derecho procede dictar sentencia sumaria a favor de cualesquiera de las partes. Esta sólo debe dictarse en casos claros, cuando el tribunal tenga ante sí la verdad sobre todos los hechos pertinentes y determine que no es necesaria una vista evidenciaría. Audiovisual Language v. Sistema Estacionamiento Natal Hermanos, 134 D.P.R._(1997), 97 J.T.S. 147, pág. 393.
Está establecido que no es aconsejable utilizar el mecanismo procesal de sentencia sumaria en casos en los cuales hay elementos subjetivos, de intención, propósitos mentales o negligencia o cuando el factor credibilidad *706 sea esencial. Piñero González v. A.A.A., 146 D.P.R. - (1998), 98 J.T.S. 140, pág. 209; Casto Soto v. Hotel Caribe Hilton, 137 D.P.R. 294 (1994).
Por otra parte, la Regla 10.2 de las de Procedimiento Civil dispone que si en una moción de desestimación en que se formula la defensa de que la demanda deja de exponer una reclamación que justifique la concesión de un ¡remedio, se expusieran materias no contenidas en la alegación impugnada y éstas no fueran excluidas por el tribunal, la moción deberá ser considerada como una solicitud de sentencia sumaria.
Además de las disposiciones procesales, es menester considerar el trámite que las partes hayan acordado con la anuencia del tribunal, para que se dilucide una controversia. En este caso, la documentación sustenta la determinación del tribunal a los efectos de que las partes sometieron el aspecto de responsabilidad de Fair Lanes por el expediente. Veamos.
Las mociones de Fair Lanes para que se resolviera primeramente su responsabilidad, no contienen expresión alguna en cuanto a que debían considerarse como mociones de desestimación y que, por tanto, los hechos alegados en la demanda se deberían tomar como ciertos sólo a esos fines. No hay base en los documentos para las limitaciones a que alude el apelante respecto a la adjudicación que solicitó del tribunal sobre su responsabilidad. Véase las referencias sobre dicha adjudicación en el apéndice del recurso, págs. 18-56; 58. El tribunal, el demandante y All Security coinciden en que Fair Lanes sometió la adjudicación por el expediente. En la moción de determinaciones de hechos adicionales presentada por Fair Lanes con posterioridad a la sentencia parcial adjudicando su responsabilidad, es que el apelante plantea por primera vez que admitió los hechos en el expediente para los efectos de la Regla 10.2, inciso (5). No obstante, señala en dicha moción que el tribunal no consideró todos los hechos que obran en el expediente al dictar la sentencia y obvió hechos importantes, sobre los que solicita determinaciones adicionales. Apéndice del recurso, págs. 63-65. Es claro que Fair Lanes sometió la adjudicación conforme lo contenido en el expediente y que no se trataba de una solicitud de desestimación.
Conforme la documentación, había base para la determinación de negligencia. En la demanda se alegó que el demandante visitó la Bolera el día del asalto en calidad de cliente para participar en una competencia, que iba allí alrededor de seis veces a la semana, que al terminar la competencia, alrededor de las 8:30 p.m., fue asaltado en el estacionamiento que se encuentra en la misma propiedad, que los daños se debieron única y exclusivamente a la culpa y negligencia de los demandados, al no ofrecer vigilancia y protección adecuada a los clientes del referido negocio. Apéndice del recurso, págs. 15-17.
Lo hechos medulares alegados consisten en que el demandante era cliente asiduo de la Bolera, que sufrió un accidente y daños en su estacionamiento, que la Bolera y All Security no ofrecieron vigilancia y protección adecuada.
La determinación de si se ofreció vigilancia y protección adecuada conforme las normas de derecho establecidas y, por ende, si se incurrió o no en negligencia depende de los hechos. Aunque no es deseable que la negligencia de una parte se resuelva por documentos mediante sentencia sumaria, al someter Fair Lanes esa controversia por el expediente accedió a que el tribunal tomara en cuenta los hechos según expuestos en éste para dilucidarla. Argüyó erróneamente que bajo el cuadro de hechos que surgía, los factores a ser considerados para la determinación de negligencia en casos como el presente, le eran sólo aplicables a All Security y no a su establecimiento. Insistió en que bajo las normas aplicables y los hechos del caso, no tenía el deber de proveer medidas de seguridad. Se equivocó en ese enfoque. No procede que impute al tribunal que erró, cuando éste decidió lo planteado bajo el mecanismo que se le solicitó.
Las normas jurisprudenciales aplicables a la responsabilidad por la seguridad de las personas que acuden a establecimientos comerciales establecen una serie de factores a considerar. Toda persona o empresa que opera un establecimiento comercial, abierto al público, debe hacer lo posible por mantener en el establecimiento condiciones de seguridad tales que eviten que los patrocinadores sufran algún daño. Este deber no implica que el dueño del establecimiento es un garantizador absoluto de la seguridad de sus clientes. El mismo sólo se extiende *707 al ejercicio de cuidado razonable para su protección. Cotto v. Consolidated Mutual Insurance, 116 D.P.R. 644 (1985).
Se entiende que la responsabilidad por protección puede surgir por un contrato o por la relación entre las partes, por ejemplo, patrono y empleado, invitante y visitante en negocios, escuela y discípulo, etc. Sólo habrá responsabilidad si el demandado es negligente al no tomar las precauciones debidas contra el posible criminal, esto es, si el riesgo previsible es irrazonable confrontado con el peso de tomar las precauciones. Estremera v. Inmobiliaria RAC, Inc., 109 D.P.R. 851 (1980). El deber de cuidado incluye no sólo la obligación de anticipar, sino la de evitar la ocurrencia de daños cuya probabilidad es razonablemente previsible. No se trata de anticipar las consecuencias exactas. Lo esencial es que el establecimiento tenga el deber de prever en forma general las consecuencias. Elba A.B. v. Universidad de Puerto Rico, 125 D.P.R. 294 (1990).
El establecimiento de Fair Lanes no está exento de la aplicación de las normas de responsabilidad señaladas. Las determinaciones de que Fair Lanes no cumplió con su deber de previsibilidad encuentran apoyo en el expediente, ya que según éste, Fair Lanes conocía del alto nivel de incidencia criminal en el área de la Bolera, razón por la cual contrató a All Security para proveer guardia de seguridad. Surge también que el servicio de seguridad contratado por Fair Lanes consistió de guardia sin arma de fuego, que el servicio fue deficiente, que el área de estacionamiento al momento de los sucesos estaba oscura.
Los antedichos factores son suficientes para que se le impusiera negligencia y responsabilidad a Fair Lanes bajo el derecho aplicable. Su contención de que bajo los hechos expuestos en el expediente la responsabilidad no era de su parte, sino de All Security, no encuentra apoyo en el derecho y no fue sustentada en el tribunal. Aparte de que no controvirtió los hechos que constaban en el expediente para establecer su responsabilidad, tuvo oportunidad en la vista sobre la responsabilidad de All Security de presentar prueba sobre su posición respecto a los hechos. Sin embargo, no presentó prueba alguna sobre su demanda de co-parte.
Además, Fair Lanes es responsable por la negligencia en la cual determinó el tribunal que incurrió All Security. Está establecido que quien ordena a otro, ya sea como contratista independiente o como empleado, a ejecutar un acto que ha de causar daño, responde por su propio acto culposo de ordenar. Barrientos v. Gobierno de la Capital, 97 D.P.R. 552 (1969).
En conclusión, el apelante no demostró ante este foro que cometió el tribunal error al determinar su negligencia bajo los hechos que surgen del expediente y del proceso ulterior.
Tampoco tiene razón Fair Lanes en su alegación de que erró el tribunal al emitir una sentencia sin desglosar los daños. Estos están consignados en la sentencia. Es claro que no existe una tabla, ni cálculo específico que recoja todos los elementos necesarios al hacer una determinación de daños por dolor físico y mental. Esta función descansa sobre el ejercicio discrecional del juez quien tuvo contacto con la prueba y está dirigida por un sentido de justicia, razonabilidad y conciencia humana. Urrutia v. Autoridad de Acueductos, 103 D.P.R. 643 (1975). Toda determinación de daños ha de hacerse en cada caso a base de una estricta correspondencia con la prueba. Atiles Moreu, Admorv. McClurg, 87 D.P.R. 865 (1963).
La prueba para la determinación de los daños sufridos por el señor White estuvo basada en testimonios, incluyendo peritos y en documentos. El apelante no refuta ésta, sino que plantea la falta de especificidad de los daños y que el tribunal no determinó en qué prueba basó la partida de daños por lucro cesante.
Una lectura de la sentencia claramente refleja que el tribunal, no empece el señalamiento de que el demandante se vio afectado en sus ingresos que provenían esencialmente del deporte de bolos, no concedió daños por falta de ingresos. Determinación de hechos número 23, apéndice del recurso, pág. 154.
La concesión de daños fue por $153,000, cuya cuantía fue desglosada en el cuerpo de la sentencia. En la determinación de hechos número 25, el tribunal específicamente dispuso:

*708
"Este Tribunal estima justa y razonablemente los daños físicos y sufrimientos y angustias mentales del demandante en la suma de ciento cincuenta mil dólares."

Apéndice del recurso, págs. 155; 174.
Los restantes $3,000 se refieren a la suma robada, según la determinación de hechos número 7, que señala:

"...le quitaron $3,000.00 que llevaba consigo para pagar al día siguiente un viaje que tenía para Méjico."

Apéndice del recurso, págs. 152, 171.
Como vemos, los daños físicos y emocionales a base de la prueba que no fue refutada, fueron específicamente descritos y cuantificados en la sentencia. Ni el demandante reclamó lucro cesante, ni el tribunal cuantificó, ni especificó éste. El planteamiento del apelante sobre los daños es inmeritorio.
Finalmente, atendemos el señalamiento de Fair Lanes respecto a que el tribunal apelado no indicó los hechos o actuaciones específicas que dieron base a la conclusión de que fue temeraria y por los que le impuso honorarios de abogado e intereses desde la presentación de la demanda.
La Regla 44.1 de las de Procedimiento Civil establece el deber del tribunal de imponerle el pago de una suma por honorarios de abogado a toda parte que ha litigado temerariamente un pleito. En los casos de daños y perjuicios, según la Regla 44.3, los intereses por temeridad se calcularán desde que se presentó la demanda hasta la fecha de la sentencia.
El Tribunal Supremo ha establecido que es temerario todo litigante que exhibe mala fe en la prosecución de un caso, Matos v. Salvat, 56 D.P.R. 825 (1940); aquel demandado que niega su negligencia en un caso de daños y perjuicios, Vda. De Passalacqua v. Cancel, 90 D.P.R. 501 (1964); y el que se defiende injustificadamente de una acción. Montañez Cruz v. Metropolitan Corp., 87 D.P.R. 38 (1962). Es temerario además la parte que haga necesario un pleito que se pudo evitar, que lo prolongue innecesariamente o le requiera a la otra parte realizar gestiones que resultan innecesarias. Elba AB v. U.P.R., supra.
Se ha resuelto reiteradamente que no es necesario que el tribunal determine expresamente que un litigante actuó con temeridad, puesto que ello se presume si se imponen las sanciones pertinentes. Betancourt Calo v. International Air Serv. of P.R., Inc., 133 D.P.R. 392 (1993); Montañez v. Metropolitan Construction, 87 D.P.R. 38 (1962).
La determinación del tribunal respecto a los honorarios e intereses no constituyó un abuso de discreción. El demandante demostró que Fair Lanes no proveyó las medidas adecuadas de seguridad bajo las normas de derecho establecidas, mientras que Fair Lanes negó tener responsabilidad alguna e insistió que no tenía que proveer seguridad, sin refutar la evidencia en su contra sometida al tribunal por el demandante. Hizo alegaciones contradictorias que dilataron los procesos e instó una demanda contra All Security para la cual no presentó prueba alguna en la vista del caso. Además, luego de someter el asunto de su responsabilidad por el expediente, sin exponer limitaciones en su solicitud de adjudicación, alegó posteriormente que el tribunal no podía dictar sentencia sumaria en su contra a base del expediente. En definitiva, el tribunal no erró al determinar con su imposición de honorarios e intereses que Fair Lanes fue temerario.
III
En virtud de todo lo anterior, se confirma la sentencia apelada.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
*709 ESCOLIOS 2002 DTA 15
1. Fair Lanes omitió incluir en el apéndice del recurso diversos escritos. Denegamos la moción de desestimación del apelado por tal motivo, mas tomamos en consideración éstos, según sometidos por el apelado.
2. En la sentencia Nunc Pro Tune, el tribunal englobó en su parte dispositiva la otorgación de los $150.000 por daños físicos y angustias mentales y los $3,000 en retribución por la pérdida sufrida en el robo, según las había especificado en su sentencia de 14 de marzo de 2000.