### BAKER et al. v. CALIFORNIA SHIPBUILDING CORPORATION.

No. 5246.

District Court, S. D. California, Central Division.

April 29, 1947.

Thelen, Marrin, Johnson & Bridges and Robert H. Sanders, all of Los Angeles, Cal., for defendant.

David Sokol, of Los Angeles, Cal., for plaintiffs.

McCORMICK, District Judge.

All parties to this action have conceded that the defendant California Shipbuilding Corporation was at all relevant times in issue engaged in the building of ships for the United States Maritime Commission under cost plus fixed fee contracts.

It is also agreed between the litigants that all plaintiffs remaining in the case at this time, with the exception of one Jesse L. Sevy, were in their employment while working for the defendant shipbuilding company engaged in production of goods in interstate commerce within the meaning of the Fair Labor Standards Act, 29 U.S. C.A. § 201 et seq., at all times.

Broadly considered, the plaintiffs in this action fall into two categories: First, guards and firemen, respectively, and Second, other types of employment.

Primarily it should be noted that under the concrete record before us it should not be held in the light of the objectives of the Fair Labor Standards Act to require each plaintiff employee to appear personally and testify. The identification of the plaintiffs as similarly situated workers in defendant's shipyard during the period of time relevant to this action has been established without dispute by the pleadings and proofs. Such factual certainty, being uncontroverted, warrants recovery by employees for all unpaid working time. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515; Culver v. Bell & Loffland, 9 Cir., 146 F.2d 29.

We have concluded that except as to the issue of "Exempt Classifications," the only factors of this controversy that are not mathematical are: (a) the compensable allowability of "reporting time," (b) the sufficiency of proven "lunch eating time" as an offset item, (c) the effect attributable to the executed complete settlement agreement, (d) the preferential status of veterans on items otherwise outlawed, and (e) the deductibility of insufficiently authorized payment by defendant of wages to plaintiffs.

Our conclusions upon each of the specifications just mentioned are as follows:

■ As to Guards and Firemen: The evidence shows that the guards were required to report thirty minutes before their shifts began. It is well settled that they are entitled to compensation therefor. Anderson v. Mt. Clemens Pottery Co., supra. This period was for roll call, reading of orders, and reaching the guard's place of duty.

■ The evidence also shows that the guards spasmodically took some time off for lunch during their regular shift, but the amount of time so consumed has been shown to be so indefinite and transitory as to make it impossible to ascertain with any degree of certainty a calculation to be applied as a setoff against reporting time, as the defendant claims.

■ It is also established under the record before us that firemen were required to report fifteen minutes in advance of their shift for roll call and orders.

■ The evidence shows that after the company changed over from a weekly to an hourly rate of pay for the shipyard workers settlements were made and releases for all amounts owing were executed between the defendant and each plaintiff herein. The basis of settlement was compensation for twenty minutes' reporting time for both guards and firemen. These settlements are not legally binding on employees, and under applicable administrative regulations and decisions they may recover for any unpaid wages plus liquidated damages. D. A. Schulte, Inc., v. Gangi, 328 U.S. 108, 66 S.Ct. 925, 90 L.Ed. 1114, 167 A.L.R. 208; Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296. However, we are of the opinion that the defendant should be allowed to set off all amounts paid under such releases against such sum as may be found to be lawfully due to the plaintiffs herein.

Plaintiffs and defendant are agreed upon the number of hours worked and the weekly pay rates. They also agree that the "fluctuating work week" method of computing the hourly wages as set forth in Overnight Motor Transportation Co. v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682, should be adopted by the court in the determination of this action.

■ Plaintiffs seek to have the court apply all sums paid under the settlement and release agreements to periods prior to March 26, 1943, for which periods any claims to compensation by the plaintiffs are now outlawed except as to those plaintiffs who served in the armed forces; it having been well settled in the Ninth Circuit that the three-year limitation applies to actions like the instant case. We think such contention by plaintiffs is untenable under the record before us in this action. The court determines the recovery in this case by using the number of hours of overtime (half time for regular overtime and for reporting time) multiplied by the rate per hour and doubled as liquidated damages. All amounts already paid respective employees under settlement and release agreements will then be deducted. The result will be the net amount owing to each plaintiff. For this purpose we adopt the second alternative computation submitted by the defendant in its answer to plaintiffs' claims filed February 21, 1947.

■ We have concluded that plaintiffs' counsel should be relieved from a stipulation made in the early stages of this action as to two plaintiffs who are veterans of World War II. These plaintiffs are, respectively, Leslie W. Cammack, a guard, and Carl O. Hanson, a fireman. These two men were in the armed services during World War II, and the statute of limitations otherwise applicable was tolled as to them. 50 U.S.C.A.Appendix, § 525. In both cases the period of their military service exceeded the period of employment that would be otherwise outlawed. We are of the opinion that each of such persons should recover any overtime owing and unpaid retroactive to the date of their employment. In the absence of other evidence this amount must be computed on the basis of $170.00 per month as to each veteran and must allow for four hours (eight hours of half time) per week on the basis of forty-eight hours' work each week. No recovery for reporting time is allowed prior to March 26, 1943, as the record fails to

show the existence of the "reporting in" requirement prior to that date.

As to Second, Other Types of Employment: We are of the opinion that as in the case of Guards and Firemen, the releases in evidence, where given, are not binding upon the employee, but we allow as a setoff the respective amounts paid at the time of the execution of such releases to the full amount of the sums paid by the defendant to the respective plaintiff.

We think that in the ultimate decision of this action under the record before us, and as alleged in the third affirmative defense in defendant's answer to the second amended complaint, the defendant should be allowed credit for the respective amounts of money paid to the so-called exempt category of employees as set forth in Exhibit "B" of defendant's answer to plaintiffs' claims filed herein February 21, 1947, and it is accordingly so ordered.

Now as to the exemptions pertaining to the plaintiff employees other than guards and firemen, our conclusions are as follows:

■ Arthur F. Dolch was an inspector of steel in the plate shop. His work required him to determine the quality of the material and its conformations to specifications, specifically listed on blue prints with which he checked. His duties were routine and involved little authority or opportunity for the exercise of discretion. His work required no technical training. We have concluded that Mr. Dolch's work in the shipyard is covered by the Fair Labor Standards Act.

■ Charles B. Rhodes, now deceased, is represented in this action by the substituted executrix of his estate. Mr. Rhodes was during the period relevant to this action classified as section head and material engineer. His work was the same in either classification. It was actually that of chief clerk to the chief material engineer of the hull division of the defendant shipyard corporation. This division prepared all requisitions in the proper manner so that all materials necessary to the hull of the ship, except machinery, could be supplied by the purchasing department of the defendant as approved by the Maritime Commission. He did devote a very brief part of his working time to conferences at which business policies of the shipyard company were discussed, but the greatest part of his duties were routine and involved no authority or independent judgment by Mr. Rhodes. His services, as shown by the evidence, do not put him in any exempt category under the Act under consideration in this case.

■ Jesse L. Sevy was a supervisor and inspector in the engineering and inspection department of facilities of defendant. While all of his work, technically speaking, did not constitute services performed in the production of goods for interstate or foreign commerce, we think that the major part of it at least should be so classified under the authorities. The inspections that he made were of facilities and equipment that were necessarily employed in carrying steel and other parts to the ships while they were being built in the yards of the defendant corporation. Mr. Sevy had about five years in college in different engineering courses before entering the employ of the defendant corporation. He had a substantial degree of authority in accepting or rejecting materials furnished by subcontractors, and his work called for the exercise of independent judgment and discretion. We have concluded that Mr. Sevy is exempt from the operation of the Act in question as an administrative employee.

■ Dwight F. Knox is properly classified under the record before us as an administrative assistant to the manager of the materials division of the defendant shipbuilding corporation. He drew up detailed procedures to be followed by warehouse workers. He also prepared schedules for altering storage areas in the shipyards. He had supervision over stenographers. He participated in collaboration with others in preparing detailed procedures of work, discussed them with those who were to execute the procedures, and he also explained their application to the job. He handled the interdepartmental and routine correspondence when the manager and the assistant manager were absent from the office of his division. He had some power in making recommendations to his superiors

as to the discharge or promotion of employees of the defendant. His functions and his work were directly related to management policies, as well as the general business operation of the defendant shipbuilding corporation. It is clear that Mr. Knox is an exempt worker under the provisions of the Fair Labor Standards Act.

 The safety inspectors, to-wit, plaintiffs Edward M. Flynn, George C. Mitchell and Edward C. Polson, respectively, according to the record before us, performed identical services. Mr. Polson, however, did not testify in the action. Each of these men had an area assigned to him in the plant of the defendant of about 750 feet in length wherein some 750 to 1000 men were working. Each was the sole representative in his respective area of the defendant corporation to ascertain the safety conditions and methods under which the large number of men worked. While they had no authority to order compliance with their recommendations, their duties were nonmanual field work which directly related to management policies or general business operations requiring experience, discretion and independent judgment in a very important branch of shipyard activities. They conducted conferences with lead men and foremen relating to safety measures and preventable methods to avoid accidents in the shipyards. We think each of these plaintiffs have been shown to be in an exempt classification.

In conclusion, a tabulation of amounts owing to the respective plaintiffs in this action is as follows:

| Guards | |
|---|---|
| W. D. Bollman | $00.00 |
| Mireio S. Cezon | 59.48 |
| Leslie W. Cammack | 103.98 |
| Theodore R. Hargrave | .06 |
| Albert A. Johnson | 42.12 |
| Noble B. Ketchum | 00.00 |
| Jack R. Lawrence | 27.95 |
| George H. Rue | 00.00 |
| William F. Smeaton | 63.93 |
| Lawrence J. Stine | 90.76 |
| Walter L. Thompson | 00.00 |
| Louis H. Williams | 00.00 |
| Grady A. Wright | 00.00 |
| Firemen | |
| Harley J. Bjork | $000.00 |
| Alfred W. Hanson | 000.00 |
| Carl O. Hanson | 117.66 |
| Gilbert L. Lopez | 000.00 |
| Clay M. Tunstall | 000.00 |
| Howard N. Williams | 000.00 |
| Other Categories | |
| Arthur F. Dolch | $000.00 |
| Edward M. Flynn | 000.00 |
| Dwight F. Knox | 000.00 |
| George C. Mitchell | 000.00 |
| Edward C. Polson | 000.00 |
| Charles E. Rhodes | 351.44 |
| Jesse L. Sevy | 000.00 |

 The determination of reasonable attorneys' fees to the attorneys for the plaintiffs in this action is attended with some difficulties. The case has required considerable time by David Sokol and Cletus J. Hanifin, the attorneys for the plaintiffs. Several days were spent by counsel in proceedings in the courtroom at pretrial hearings, and approximately four days in the trial of the action. The attorneys also prepared and presented several briefs and memoranda on involved and complex legal questions and issues of accounting. It is our conclusion, considering the nature of the case and the amount of recovery by the plaintiffs that the sum of $500.00 is a reasonable attorney's fee to be allowed to David Sokol and Cletus J. Hanifin as attorneys for the plaintiffs herein. The division of said fee between said attorneys is left to mutual agreement by the two attorneys. The attorneys will collaborate and prepare appropriate findings of fact, conclusions of law and judgment herein in accordance with and in conformity to the views expressed in the foregoing conclusions of the court within five days from notice of this ruling. Costs allowed respective prevailing parties.