# 2001 DTA 120

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL V DE PONCE Y AIBONITO**

AURA L. GONZALEZ RIOS, SECRETARIA DEL TRABAJO Y RECURSOS HUMANOS DE PUERTO RICO, EN REPRESENTACION Y PARA BENEFICIO DE HARRY A. RIVERA SEPULVEDA
Querellante-Apelada

v.

ALTOL PETROLEUM PRODUCTS SERVICE, INC.
Querellada-Apelante

Núm. KLAN-00-01070

RECEIVED

SEP 6 2001

SERIALS DEPT
HARVARD LAW SCHOOL LIBRARY

San Juan, Puerto Rico, a 12 de febrero de 2001

Panel integrado por su Presidente, el Juez Brau Ramírez, el Juez Ortiz Carrión y la Juez Pabón Charneco

Brau Ramírez, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

**I**

La parte apelante, Altol Petroleum Products Service, Inc. ("*Altol*"), solicita revisión de una sentencia emitida el 17 de agosto de 2000 por el Tribunal de Primera Instancia, Sala Superior de Ponce, en el procedimiento sobre reclamación de salario presentado contra la apelante por la Secretaria del Departamento del Trabajo y Recursos Humanos en representación del obrero apelado, Harry A. Rivera Sepúlveda.

Mediante el dictamen en cuestión, el Tribunal determinó que el apelado tenía derecho al pago de $5,654.00 por concepto de salario devengado por trabajo realizado durante sus períodos de tomar alimentos, conforme a los artículos 14 y 15 de la Ley Núm. 379 del 15 de mayo de 1948, 29 L.P.R.A. secs. 282 y 283 (Supl. 2000). Descartó que el apelado, quien se desempeña como Pesador Público Autorizado, debiera ser considerado como un "*administrador*" bajo el art. III del Reglamento Núm. 13 de la Junta de Salario Mínimo.

Confirmamos.

**II**

Según se desprende del expediente, Altol es una corporación dedicada a proveer en Puerto Rico toda clase de servicios relacionados con la industria del petróleo y sus derivados. Entre otros, Altol ofrece servicios técnicos y/o consultivos de certificación de cantidades de productos derivados del petróleo y toma de muestras de los mismos.

Para este tipo de certificación, Altol viene obligada a utilizar personas con una licencia de "*Pesador Público Autorizado*", bajo la Ley de Pesas y Medidas del Estado Libre Asociado de Puerto Rico, 23 L.P.R.A. secs. 901 y ss.

Dicho estatuto define esta posición como la de aquella "*persona autorizada por el Administrador [de la Administración de Estabilización Económica del Estado Libre Asociado de Puerto Rico] para practicar repeso o pesadas de paquetes o cantidades por las cuales podrá cobrar a las personas que soliciten sus servicios, de acuerdo a las tarifas que establezca el Administrador.*" 23 L.P.R.A. sec. 903, inciso (j).

Las pesas y medidas practicadas por el Pesador Público Autorizado deben conformarse a aquellas requeridas por las autoridades. 23 L.P.R.A. sec. 906 (Supl. 2000); véase, además, 23 L.P.R.A. sec. 918.

En el caso de la industria de la gasolina, la responsabilidad de establecer la reglamentación necesaria para el control de las cantidades distribuidas corresponde al Departamento de Asuntos del Consumidor, por virtud de la Ley Núm. 73 de 23 de junio de 1978, 23 L.P.R.A. secs. 1131 y ss.

A tenor con dicha autorización, el D.A.C.O. adoptó el Reglamento PM-10 de 15 de marzo de 1984, estableciendo los requisitos para los vehículos usados como medidas de capacidad para la entrega de gasolina y/o combustibles especiales a detallistas o compradores.

El Art. IV de dicho Reglamento requiere a "*toda persona natural o jurídica que vend[a] gasolina o*

*combustibles especiales por medio de un vehículo-tanque usado como medida*" que utilice un Pesador Público Autorizado "*para determinar y certificar la corrección de la medición y la fijación de los precintos en cada vehículo o compartimiento utilizado para la venta de dichos líquidos.*" El precepto añade que "*[e]l Pesador Público Autorizado podrá ser un empleado del vendedor de los líquidos combustibles antes mencionados.*"

Para llevar a cabo su función, el Pesador Público Autorizado viene obligado a cumplimentar un formulario cuyo contenido aparece descrito en el citado Art. IV del Reglamento.

Por su parte, el Art. III, Sección 2 del Reglamento, requiere que un Pesador Público Autorizado certifique la corrección de las medidas de gasolina o combustibles especiales que sean cargadas en un vehículo-tanque, y que precinte [i.e., selle] las válvulas y tapas de los compartimientos de dicho vehículo, a fines de garantizar lo anterior.

La Carta Normativa para Pesadores Públicos, PM-88-4001, emitida el 18 de abril de 1988 por el D.A.C.O., establece un procedimiento específico para la certificación de la corrección de las medidas en los compartimientos de los vehículos-tanque, que los Pesadores Públicos Autorizados vienen obligados a seguir. Deben tomarse los siguientes pasos:

"*1. Antes de permitir que el vehículo-tanque sea llenado [el Pesador Público Autorizado] deberá:*

*a) Inspeccionar cada uno de los indicadores (flechas) en los compartimientos.*

*b) Tomar nota de cualquier abolladura considerable que pudiera alterar la calibración de algún compartimiento.*

*c) Informar de inmediato al DACO [Departamento de Asuntos del Consumidor] y a la empresa, la ausencia, rotura, alteración u otra anormalidad encontrada en los precintos.*

*d) Lo anterior también aplicará a cualquier anormalidad encontrada en los indicadores y/o el cuerpo del tanque.*

*2. Después de llenado el vehículo, deberá:*

*a) considerar cualquier filtración a través de válvulas o en el cuerpo del tanque.*

*b) Tomar nota sobre ausencia de rotulación requerida respecto al número de válvulas y palancas del vehículo. Respecto al compartimiento, a la capacidad en cada uno de éstos y, además, de cualquier advertencia en el sistema de llenado a utilizarse: como "bottom loading" o "top loading".*

*c) Informar de inmediato al DACO y a la empresa, cualquiera de las irregularidades antes expuestas.*"

Según se desprende de lo anterior, las funciones de un Pesador Público Autorizado están esencialmente delimitadas por la ley y los reglamentos aplicables.

El apelado, Harry A. Rivera Sepúlveda, trabajó para Altol, como Pesador Público Autorizado, desde febrero de 1992 a julio de 1996, en el área de inspección de camiones-tanque de gasolina. Comenzó devengando un salario de $5.25 por hora, el cual luego fue aumentado a $5.50 por hora.

El trabajo del apelado consistía en la inspección y certificación de las medidas de los camiones-tanque, y de las cantidades de los derivados del petróleo, para distintos mayoristas de gasolina, conforme a los parámetros establecidos por ley para ello, según expuesto anteriormente.

Para realizar su trabajo, el apelado era destacado fuera de las oficinas de Altol, en el área de llenadero de las refinerías de petróleo de los clientes de Altol, tales como Phillips, Peerless y Corco. Una vez llegaba un camión-tanque a recoger gasolina o algún otro líquido derivado del petróleo, el apelado realizaba sus labores de inspección y certificación. No estaba bajo la supervisión directa de ningún personal de Altol.

Durante el tiempo que trabajó para Altol, el apelado no hizo uso de período alguno para tomar alimentos durante sus jornadas de trabajo, cobrando por dicho tiempo al salario fijado para sus horas regulares.

Insatisfecho con dicha situación, el apelado instó la presente querella contra Altol ante el Tribunal de Primera Instancia, por medio de la Secretaria del Departamento del Trabajo y Recursos flumanos, en reclamación de la compensación adicional para los períodos de tomar alimentos trabajados establecida por los arts. 14 y 15 de la Ley Núm. 379 de 15 de mayo de 1948, sobre horas y días de trabajo, 29 L.P.R.A. secs. 282, y 283 (Supl. 2000). Alegó que Altol le adeudaba la suma de $2,827.00 por este concepto, más una cantidad adicional igual como penalidad.

En su querella, el apelado invocó el procedimiento especial sumario establecido por la Ley Núm. 2 de 17 de octubre de 1961, 32 L.P.R.A. secs. 3118 y ss.

Altol contestó la querella, negando las alegaciones. La apelante alegó que el apelado no tenía derecho a las cantidades reclamadas por constituir un *"administrador"* y no un empleado, bajo el art. 20 de la citada Ley Núm. 379, 29 L.P.R.A. sec. 288 (Supl. 200), y el Art. III del Reglamento 13 de la Junta de Salario Mínimo de 23 de julio de 1974, según revisado.

Luego de otros incidentes, se celebró la vista del caso, donde las partes tuvieron la oportunidad de presentar sus respectivas posiciones sobre la controversia.

El 17 de agosto de 2000, mediante la sentencia apelada, el Tribunal de Primera Instancia declaró con lugar la querella del apelado.

En su sentencia, el Tribunal consideró si al apelado le aplicaban los requisitos establecidos por las llamadas prueba larga y prueba corta del citado Reglamento Núm. 13, para determinar si éste es un administrador, dentro del contexto de la Ley Núm. 379, concluyendo esta cuestión en la negativa.

En particular, el Tribunal entendió que, aunque el apelado desempeñaba sus oficios fuera de la oficina, en tareas que no eran de naturaleza manual y gozaba con un grado de discreción, sus funciones no estaban directamente relacionadas a la dirección de la empresa o a la formulación de políticas que afectaran su operación general, según requerido por el Art. III del Reglamento Núm. 13 para la aplicación de la exclusión.

La distinguida Sala expresó:

*"El testimonio del querellante reafirma claramente que las funciones que éste realizaba son específicamente las dispuestas por ley. Que su trabajo es delicado porque es su deber cumplir con su responsabilidad legal como Pesador Público Autorizado y con la política pública del Gobierno de Puerto Rico en cuanto al pesaje y los combustibles.*

*El trabajo del querellante es uno manual que realiza fuera de oficina que está relacionado con las operaciones generales del negocio ,siendo su función indispensable al buen funcionamiento del negocio. El oficio que realizó el querellante, lo hacía bajo supervisión general y es un trabajo de carácter técnico que requiere un entrenamiento que está regulado por ley. Sin embargo, no está directamente relacionado con las normas de dirección y administración de la empresa, ya que el [Pesador Público Autorizado] no decide a quién vende el combustible o cuánto o a quién cobrar. El oficio que realiza, dentro del grado de juicio y discreción*

*que ejerce en sus decisiones, no se toma como política de la compañía, sino que sus decisiones son como parte indispensable de la política pública gubernamental. Si bien es cierto que el [querellante], como todo empleado cuya labor es fiscalizar un procedimiento de envergadura pública, ejerce algún grado de discreción, esto no significa que ejerza aquel grado de discreción en toma de decisiones que dirijan la operación de la empresa.*

*La función realizada por el querellante es una rutinaria, de día a día, estrictamente regulada por ley. ... [E]l querellante, en el presente caso, se limita a cumplir con las pautas establecidas, en este caso por ley, para el pesaje de los camiones-tanques, requisitos que ni la compañía, ni el mismo Pesador pueden discrecionalmente cambiar. ... [S]i bien es cierto que el querellante ejerce su discreción en cuanto a cuál camión-tanque se puede utilizar, no la ejerce en cuanto a la cantidad de combustible a servir, ni en cuanto a su cobro, ni siquiera es discrecional del [Pesador Público Autorizado] resolver cuándo un camión no lo certificaba, ya que la ley es específica al respecto; esta función no es cuantitativa, ni cualitativamente comparable con el negocio que realiza el querellado.*

*El hecho de que un trabajador realice alguna labor menor de tipo discrecional no lo convierte automáticamente en un 'administrador'...".*

El Tribunal concluyó que Altol venía obligada a compensar al apelado por el trabajo llevado a cabo durante su período de almuerzo, conforme a lo requerido por ley, y condenó a dicha parte a satisfacer al apelado la cantidad de $5,654 por este concepto.

Altol solicitó la reconsideración de dicho dictamen, la que no fue acogida por el Tribunal de Primera Instancia.

Insatisfecha, la apelante acudió ante este Tribunal.

### III

En su recurso, la apelante plantea que el Tribunal de Primera Instancia erró al concluir que el apelado no constituia un administrador bajo la Ley Núm. 379.

El referido art. 15 de la Ley Núm. 379 de 15 de mayo de 1948, 29 L.P.R.A. sec. 283 (Supl. 2000), dispone, entre otras cosas, que todo trabajador cubierto por dicho estatuto tiene derecho a un período para tomar sus alimentos dentro de su jornada regular de trabajo. Añade dicho precepto que el patrono que *"emplee o permita que un empleado trabaje durante el período destinado para tomar los alimentos, vendrá obligado a pagarle por dicho período, o fracción del mismo, un tipo de salario igual al doble del tipo convenido para las horas regulares".* Véase, *Almodóvar v. Margo Farms del Caribe, Inc.,* 148 D.P.R. __ (1999), **99 J.T.S. 62**, a la pág. 901; *Almodóvar v. Cervecería India, Inc.,* 103 D.P.R. 407, 409 (1975); *Concreto Mixto, Inc. v. Tribunal Superior,* 92 D.P.R. 808, 809 (1965); *Matos Velázquez v. Proctor Manufacturing Corp.,* 91 D.P.R. 45, 54 (1964). Véase, además, *Acevedo Arroyo v. Puerto Rico Sun Oil Co.,* 145 D.P.R. __ (1998), **98 J.T.S. 74**, a las págs. 1,059-1,063.

El art. 14, 29 L.P.R.A. sec. 282 (Supl. 2000), dispone, por otra parte, que todo empleado que reciba una compensación menor que la fijada para el período señalado para tomar los alimentos, *"tendrá derecho a recobrar de su patrono, mediante acción civil, las cantidades no pagadas, más una suma igual por concepto de liquidación de daños y perjuicios, además de las costas, gastos y honorarios de abogado del procedimiento".* Véase, *Almodóvar v. Margo Farms del Caribe, Inc.,* **99 J.T.S. 62**, a la pág. 901; *Almodóvar v. Cervecería India, Inc.,* 103 D.P.R. __, a la pág. 409; véase, además, *Betancourt v. Int'l. Air Serv. of P.R., Inc.,* 133 D.P.R. 392, 397 (1993).

El art. 20 de la Ley define a todas las personas cubiertas por la misma, excluyéndose de la categoría de *"empleados"* (y, por tanto, de los beneficios de la Ley), a los ejecutivos, *"administradores"* y profesionales, así

como a los oficiales u organizadores de las uniones obreras cuando actúen como tales. 29 L.P.R.A. sec. 288 (Supl. 2000). Véase, *Rolón García v. Charlie Car Rental, Inc.,* 148 D.P.R. __ (1999), **99 J.T.S. 89**, a las págs. 1,094-1,095; *Almodóvar v. Margo Farms del Caribe, Inc.,* **99 J.T.S. 62**, a la pág. 901.

El precepto autoriza a la Junta de Salario Mínimo a adoptar definiciones para las categorías de empleados así excluidos ("*ejecutivos*", "*administradores*" y "*profesionales*"). 29 L.P.R.A. sec. 288 (Supl. 2000).

De conformidad con dicho mandato, la Junta aprobó el citado Reglamento Núm. 13 de la Junta de Salario Mínimo, ■ adoptándose, en su Art. III, la siguiente definición del término "*administrador*":

Cualquier empleado que reúna los siguientes requisitos:

*"(a) que desempeñe trabajos de oficina o trabajos fuera de oficina que no sean de naturaleza manual, estando el trabajo directamente relacionado con las normas de la dirección de la empresa o con las operaciones generales del negocio del patrono o de los clientes del patrono; y*

*(b) que usual y regularmente ejerza discreción y juicio independiente; y*

*(c) 1- que regular y directamente ayude al dueño de la empresa, o a una persona empleada en la capacidad de "administrador" o de "ejecutivo", según estos términos se definen en el presente reglamento; o*

*2- que realice, solamente bajo supervisión general, trabajo de carácter técnico o especializado que requiera entrenamiento, experiencia o conocimientos especiales; o*

*3- que ejecute, solamente bajo supervision general, encomiendas y tareas especiales; y*

*(d) que no dedique más del 20%, o en el caso de un empleado de un establecimiento de comercio al detal o de servicio, que no dedique hasta el 40% de las horas trabajadas en una semana de trabajo, a actividades que no estén directa o estrechamente relacionadas con el desempeño del trabajo descrito en los Incisos (a), (b) y (c) de este Artículo III; y*

*(e) que reciba por sus servicios una compensación fija o a base de por ciento u honorarios, equivalente a un sueldo semanal no menor de doscientos dólares ($200), excluyendo alimentos, vivienda u otros servicios.*

*(f) también significa cualquier empleado cuyo trabajo cumpla con los requisitos dispuestos en los incisos (a) y (b) de este Artículo III y que reciba por sus servicios una compensación fija, o a base de por ciento u honorarios, equivalente a un salario semanal no menor de doscientos noventa y cinco dólares ($295), excluyendo alimentos, vivienda u otros servicios."*

Véase, *Rolón García v. Charlie Car Rental, Inc.,* **99 J.T.S. 89**, a las págs. 1,094-1,095; *Almodóvar v. Margo Farms del Caribe, Inc.,* **99 J.T.S. 62**, a la pág. 901.

Los incisos (a) al (e) constituyen la llamada "*prueba larga*"; el inciso (f) es llamado la "*prueba corta*".

El Tribunal Supremo de Puerto Rico ha aclarado que para concluir que un empleado es administrador deben cumplirse a cabalidad todos los requisitos de cualquiera de las dos pruebas. Las dudas en el análisis deben ser resueltas en contra de la exclusión del empleado del palio de la Ley Núm. 379, ya que se trata de un estatuto reparador. *Rolón García v. Charlie Car Rental, Inc.,* **99 J.T.S. 89,** a la pág. 1,096; cf., *Almodóvar v. Margo Farms del Caribe, Inc.,* **99 J.T.S. 62,** a la pág. 902.

En la situación de autos, según hemos visto, no existe controversia entre las partes sobre la naturaleza de las

funciones desempeñadas por el apelado como Pesador Público Autorizado o sobre el hecho de que éste trabajó durante las horas destinadas para el consumo de alimentos sin recibir la compensación requerida por el estatuto. El Tribunal de Primera Instancia entendió que el apelado no podía ser considerado como un administrador, por no cumplir con los incisos (a) y (b) de la prueba, requeridos bajo cualquiera de las alternativas.

Altol argumenta que el apelado debe ser considerado como un "*administrador*". Hace hincapié en que éste trabajaba fuera de las facilidades de Altol en una tarea técnica que requería el uso constante de su discreción.

El Tribunal Supremo de Puerto Rico, sin embargo, ha establecido que el hecho de que un empleado realice alguna labor menor de tipo discrecional, no lo convierte necesariamente en un "*administrador*" bajo la Ley Núm. 379. Ha de atenderse a si la discreción y el juicio independiente es verdadero y sustancial, y si se refiere a asuntos de consecuencia para el patrono. *Rolón García v. Charlie Car Rental, Inc.*, **99 J.T.S. 89,** a la pág. 1,098 (citando a R.N. Delgado Zayas, *Apuntes Para el Estudio de la Legislación Protectora del Trabajo en el Derecho Laboral Puertorriqueño,* 2da. Ed., San Juan, Ramallo Brothers Printing, Inc., 1996, a la pág. 36).

En *Rolón*, por ejemplo, se trataba de un vendedor de vehículos de motor quien, según las determinaciones del Tribunal de Primera Instancia, gozaba de un grado de discreción en su trabajo, pero carecía de la autoridad final para la fijación de los precios o la toma de otras decisiones importantes. El Tribunal Supremo concluyó que no podía ser considerado un "*administrador*", toda vez que no ejercía discreción y juicio independiente, sobre asuntos de envergadura, usual y regularmente en su trabajo. **99 J.T.S. 89,** a la pág. 1,098; véanse, además, *Almodovar v. Margo Farms del Caribe, Inc.*, **99 J.T.S. 62,** a la pág. 903; *Lehman v. Ehret, Inc.*, 103 D.P.R. 264, 268-269 (1975); *López Vega v. Vega Otero*, 103 D.P.R. 175, 180-181 (1974); *López Santos v. Tribunal Superior*, 99 D.P.R. 325, 334 (1970); *Rodríguez Velázquez v. Concreto Mixto, Inc.*, 98 D.P.R. 579, 587-589 (1970).

La postura adoptada por el Tribunal Supremo de Puerto Rico es consistente a la norma que rige en el ámbito federal, bajo la sec. 13 (a) (1) del Fair Labor Standards Act of 1938, 29 U.S.C. sec. 213 (a) (1), disposición equivalente al art. 20 de la Ley Núm. 379. Véase, además, 29 C.F.R. sec. 541.2; *Lehman v. Ehret, Inc.*, 103 D.P.R. __, a la pág. 266 n. 2; *López Vega v. Vega Otero*, 103 D.P.R. __, a las págs. 176-177; *Matos Velázquez v. Proctor Manufacturing Corp.*, 91 D.P.R. __, a la pág. 54; *W. Gayden White v. All American Cable & Radio*, 656 F. Supp. 1168, 1169 (D.P.R. 1987).

En la sección 29 C.F.R. 541.207, adoptada para guiar la interpretación de las autoridades federales, se aclara, discutiendo el requisito de que el empleado ejerza discreción y juicio independiente (incluido en el inciso "*(b)*" del Art. III del Reglamento Núm. 13 de la Junta de Salario Mínimo), lo siguiente:

*"(1) Perhaps the most frequent cause of misapplication of the term "discretion and independent judgment" is the failure to distinguish it from the use of skill in various respects. An employee who merely applies his knowledge in following prescribed procedures or determining which procedure to follow, or who determines whether specified standards are met or whether an object falls into one or another of a number of definite grades, classes, or other categories, with or without the use of testing or measuring devices, is not excercising discretion and independent judgment within the meaning of [the law]. This is true even if there is some leeway in reaching a conclusion, as when an acceptable standard includes a range or tolerance above or below a specific standard.*

*(2) A typical example of the application of skills and procedures is ordinary inspection work of various kinds. Inspectors normally perform specialized work along standardized lines involving well-established techniques and procedures which may have been catalogued and described in manuals or other sources. Such inspectors rely on techniques and skills acquired by special training or experience. They may have some leeway in the performance of their work, but only within closely prescribed limits. ... The inspector is engaged in exercising skill rather than discretion and independent judgment within the meaning of [these] regulations...*

*(3) A related group of employees usually called examiners or graders perform similar work involving the comparison of products with established standards which are frequently cataloged. Often, ..., the employee acquires sufficient knowledge so that reference to written standards is unnecessary. The substitution of the employee's memory for the manual of standards does not convert the character of the work performed to work requiring the exercise of discretion and independent judgment ... The mere fact that the employee uses his knowledge and experience does not change his decisión, i.e., that the product does or does not conform with the established standard, into a real decisión in a significant matter."*

29 C.F.R. sec. 541.207 (c); véase, además, el inciso (f) de la misma sección (*"[a]n inspector charged with responsibility for loading a ship may, by not applying correct techniques, fail to notice the presence of foreign ingredients in the tank with resulting contamination of the cargo and serious loss to his employer. In these cases, the work of the employee does not require the exercise of discretion and independent judgment within the meaning of the regulations..."*).

Este tipo de análisis ha sido seguido por los tribunales federales, descartándose la caracterización de administradores a diversos empleados en situaciones parecidas a la del apelado. Véanse, *Donovan v. United Video, Inc.,* 725 F.2d 577, 580-581 (10th Cir. 1984); *Dymond v. United States Postal Service,* 670 F.2d 93, 9496 (8th Cir. 1982); *Hoyt v. General Insurance Company of America,* 249 F.2d 589, 590 (9th Cir. 1957); *McComb v. Robert W. Hunt Co.,* 172 F.2d 751, 753-754 (7th Cir. 1949); *Copas v. East Bay Municipal Utility Dist.,* 61 F. Supp. 2d 1017, 1019-1023 (N.D. Cal. 1999); *Harris v. District of Columbia,* 741 F. Supp. 254, 259-263 (D.D.C. 1990); *Giannini v. Standard Oil Company,* 130 F. Supp. 740, 745-747 (N.D. Ind. 1955); *Baker v. California Shipbuilding Corporation,* 73 F. Supp. 322, 326 (S.D. Cal. 1947); *Connell v. Delaware Aircraft Industries,* 55 A.2d 637, 642-643 (Del. Super. Ct. 1947).

En el caso de autos, consideramos que el Tribunal de Primera Instancia no erró al concluir que el puesto ocupado por el apelado no está exento de la aplicación de la Ley Núm. 379.

En efecto, las funciones que desempeñaba el apelado estaban estrictamente delimitadas por el Reglamento PM-10 y la Carta Normativa PM-88-4-001, las que no le permitían un alto grado de discreción y juicio independiente en el desempeño de sus tareas. Como Pesador Público Autorizado, el apelado estaba sujeto a las sanciones aplicables por el incumplimiento con sus deberes. Cf., *Abudo Servera v. Autoridad de Tierras de Puerto Rico,* 105 D.P.R. 728, 735-736 (1977).

El apelado, por otro lado, no tenía verdadera inherencia respecto a asuntos de sustancia que afectaran la política interna de Altol. Sus funciones, si bien de carácter técnico, eran repetitivas y limitadas. En estas circunstancias, carecemos de base para intervenir con la sentencia apelada. Véase, *Rolón García v. Charlie Car Rental, Inc.,* **99 J.T.S. 89,** a la pág. 1,099; *Abudo Servera v. Autoridad de Tierras de Puerto Rico,* 105 D.P.R. __, a la pág. 731; *Rodríguez Velázquez v. Concreto Mixto, Inc.,* 98 D.P.R. __, a la pág. 593; *Matos Velázquez v. Proctor Manufacturing Corp.,* 91 D.P.R. __, a las págs. 55-56; cf., *Almodóvar v. Margo Farms del Caribe, Inc.,* **99 J.T.S. 62,** a la pág. 903. ■

Por los fundamentos anteriormente expuestos, se confirma la sentencia apelada.

Lo pronunció y manda el Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 2001 DTA 120

**1.** Mediante la Ley Núm. 84 de 20 de julio de 1995, se derogó la Ley de Salario Mínimo de Puerto Rico, Ley Núm. 96 de 26 de junio de 1956, 29 L.P.R.A. secs. 245 y ss. Las funciones de la Junta de Salario Mínimo fueron asignadas al

Secretario del Departamento del Trabajo y Recursos Humanos, bajo la nueva Ley de Salario Mínimo, Vacaciones y Licencia por Enfermedad de Puerto Rico, Ley Núm. 180 de 27 de julio de 1998, 29 L.P.R.A. secs. 250 y ss. (Supl. 2000).

Tanto la Ley Núm. 96 como la Ley Núm. 180 contienen disposiciones similares al art. 20 de la Ley Núm. 379, excluyendo del ámbito de su protección a ejecutivos, administradores y profesionales. Véase, 29 L.P.R.A. sec. 246e y 29 L.P.R.A. sec. 250f (Supl. 2000), respectivamente.

2. Observamos que, en cualquier caso, es cuestionable que el apelado cumpla con los incisos (e) o (f) del Art. III del Reglamento Núm. 13, relacionados a su compensación. Véase, *Almodóvar v. Margo Farms del Caribe, Inc.*, **99 J.T.S. 62**, a la pág. 902; Lehman v. Ehret, Inc., 103 D.P.R. __, a la pág. 269; véase, además, 29 C.F.R. secs. 541.212 y 541.118.