ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| **YOLANDA BONANO HERNÁNDEZ**, por sí y como integrante de la sucesión de ÁNGEL M. QUINTANA DELGADO; ÁNGEL MANUEL QUINTANA DELGADO JR., JORGE QUINTANA DELGADO y GLORIMAR QUINTANA DELGADO, como integrantes de la sucesión de ÁNGEL M. QUINTANA DELGADO, <br><br> Apelada, <br><br> v. <br><br> CHARLIE CAR RENTAL, INC., h/n/c CCAR SALES, INC. <br><br> Apelante. | KLAN202500497 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de San Juan. <br><br> Civil núm.: K DP2001-1595. <br><br> Sobre: daños y perjuicios. |

Panel integrado por su presidente, el juez Hernández Sánchez, la jueza Romero García y la jueza Martínez Cordero.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 17 de julio de 2025.

Comparece Charlie Car Rental, Inc., que hace negocios como CCAR SALES (CCAR), y nos solicita que revisemos la *Sentencia nunc pro tunc* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 14 de abril de 2025, notificada al día siguiente. Mediante esta, el foro primario enmendó el porcentaje del interés legal impuesto, a los fines de atemperarlo a la tasa aplicable, según establecida por la Oficina del Comisionado de Instituciones Financieras (OCIF).

Examinados los sendos escritos de las partes litigantes, este Tribunal modifica el dictamen recurrido y, así modificado, lo confirma.

I

El caso ante nuestra consideración se remonta a una reclamación de daños y perjuicios incoada en el 2001 contra CCAR. A modo de trasfondo procesal, el 11 de mayo de 2001, la señora Yolanda Bonano

Número identificador

SEN2025_____

Hernández (señora Bonano) sufrió una caída en las oficinas de CCAR al tropezarse con un escalón. Como consecuencia, la señora Bonano sufrió múltiples traumas en sus rodillas, particularmente, en su rodilla derecha.

Ante ello, la señora Bonano, el señor Ángel M. Quintana Delgado y la sociedad legal de gananciales compuesta por ambos, sus hijos, José J. Rivas Bonano y Jaime J. Rivas Bonano, y la madre de la primera, Carlota Hernández Reyes, presentaron la demanda en cuestión y solicitaron el resarcimiento económico.

En lo pertinente a la controversia ante nuestra consideración, el 24 de junio de 2014, notificada al próximo día, el foro primario dictó sentencia en rebeldía[1]. En virtud de esta, declaró con lugar la demanda y concedió una partida total de $861.862.30. Por otro lado, razonó que la parte apelante había actuado de manera temeraria, por lo que impuso una cuantía en honorarios de abogado. Como corolario, determinó que las partidas concedidas acumularían el interés legal, a razón del 4.25%, desde la fecha de presentación de la demanda.

Tras un sin número de incidencias procesales, el 20 de marzo de 2017, un panel hermano de este foro apelativo **dejó sin efecto la sentencia emitida y ordenó la celebración de un nuevo juicio**[2]. Consecuentemente, el caso fue devuelto al foro primario.

Así las cosas, el 8 de noviembre de 2023, notificada al próximo día, el foro primario emitió una nueva *Sentencia*[3]. Aunque reiteró la mayoría de las determinaciones incluidas en la primera sentencia, **eliminó la disposición de temeridad**, así como la partida en concepto de honorarios de abogado. No obstante, reafirmó que las cuantías concedidas acumulaban intereses legales desde la fecha de presentación de la demanda, a razón de un 4.25%.

---

[1] *Véase*, apéndice del recurso, a las págs. 144-170.

[2] Véase, *Sentencia* emitida el 20 de marzo de 2017, en el recurso KLCE201700049.

[3] *Véase*, apéndice del recurso, a las págs. 56-92.

Transcurrido poco más de un año, el 25 de febrero de 2025, la señora Bonano presentó una *Moción solicitando enmienda nunc pro tunc*[4]. En esencia, solicitó que se enmendara la tasa de interés legal fijada en la sentencia. Precisó que a la fecha en que se emitió el dictamen, el porcentaje establecido por la OCIF, aplicable a sentencias dictadas contra personas particulares era de 9.25% y no de 4.25%.

El 4 de marzo de 2025, CCAR se opuso[5]. Manifestó que la imposición de intereses respondía a un error mecanográfico, pues se trataba de una oración proveniente de la primera sentencia, la cual, por inadvertencia, no había sido eliminada por el foro recurrido. Adicionalmente, sostuvo que el tribunal *a quo* no había realizado ninguna determinación de temeridad, por lo que la imposición de intereses presentencia resultaba inaplicable. De otro lado, adujo que la enmienda solicitada alteraba sustancialmente la cuantía de los intereses, lo que constituía un error de derecho no susceptible de corrección mediante el mecanismo de una enmienda *nunc pro tunc*.

Atendidos los escritos de las partes, el 14 de abril de 2025, el tribunal recurrido acogió el planteamiento de la señora Bonano y emitió una segunda[6] sentencia enmendada[7]. Así, corrigió la tasa de interés legal aplicable, de 4.5% a 9.25%. Sin embargo, mantuvo inalterada la determinación sobre el cómputo de los intereses desde la fecha de presentación de la demanda.

En desacuerdo, el 23 de abril de 2025, CCAR solicitó la reconsideración[8] e insistió en sus argumentos. El 29 de abril de 2025, notificada al día siguiente, el foro *a quo* la declaró sin lugar[9].

---

[4] Véase, apéndice del recurso, a las págs. 142-143.

[5] *Íd.*, a las págs. 130-141.

[6] La sentencia fue enmendada por primera vez el 29 de febrero de 2024, a los únicos fines de corregir el nombre de la parte apelante, en la primera y última página del dictamen. *Véase*, apéndice del recurso, a las págs. 93-129.

[7] *Véase*, apéndice del recurso, a las págs. 2-38.

[8] *Íd.*, a las págs. 39-53.

[9] *Íd.*, a la pág. 54.

Aún inconforme, CCAR instó este recurso de apelación el 30 de mayo de 2025. En él, señaló la comisión de los siguientes errores:

Erró el Tribunal de Primera Instancia al utilizar una enmienda nunc pro tunc para alterar -y no corregir- la tasa de interés legal aplicable a la sentencia, excediendo así los límites permitidos por la Regla 49.1 de Procedimiento Civil y la jurisprudencia del Tribunal Supremo.

Erró el Tribunal al imponer intereses legales pre-sentencia sin mediar una determinación expresa o implícita de temeridad, contraviniendo lo dispuesto en la Regla 44.3(b) y la doctrina reiterada del Tribunal Supremo.

El 2 de julio de 2025, la parte apelada presentó su alegato en oposición.

Evaluados los argumentos de las partes litigantes, resolvemos.

II

A

La Regla 44.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 44.3, dispone dos tipos de intereses legales; estos son: intereses post sentencia, a los que tiene derecho toda parte victoriosa en las sentencias que ordenen el pago de dinero; y, los intereses presentencia, que han de imponerse únicamente en casos de cobro de dinero o de daños y perjuicios, cuando una parte haya procedido con temeridad. *Malavé v. Oriental*, 167 DPR 593, 608 (2006); *Gutiérrez v. A.A.A.*, 167 DPR 130,136-138 (2006); *Montañez v. U.P.R.*, 156 DPR 395, 424-425 (2002); *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 197 (1992).

En lo específico, la Regla 44.3 dispone que:

(a) Se incluirán intereses al tipo que fije por reglamento la Junta Financiera de la Oficina del Comisionado de Instituciones Financieras, y que esté en vigor al momento de dictarse la sentencia, en toda sentencia de dinero, a computarse sobre la cuantía de la sentencia que ordena el pago desde la fecha en que se dictó y hasta que ésta sea satisfecha, incluso las costas y los honorarios de abogado. El tipo de interés se hará constar en la sentencia.

La Junta fijará y revisará periódicamente la tasa de interés por sentencia, tomando en consideración el movimiento en el mercado y con el objetivo de desalentar la presentación de demandas frívolas, evitar la posposición irrazonable en el cumplimiento de las obligaciones existentes y estimular el pago de las sentencias en el menor tiempo posible.

(b) **El tribunal también impondrá a la parte que haya procedido con temeridad el pago de interés al tipo que haya fijado la Junta** en virtud del inciso (a) de esta regla y que esté en vigor al momento de dictarse la sentencia **desde que haya surgido la causa de acción en todo caso de cobro de dinero y desde la presentación de la demanda, en caso de daños y perjuicios**, y hasta la fecha en que se dicte sentencia a computarse sobre la cuantía de la sentencia, excepto cuando la parte demandada sea el Estado Libre Asociado de Puerto Rico, sus municipios, agencias, dependencias o funcionarios(as) en su carácter oficial. El tipo de interés se hará constar en la sentencia.

32 LPRA Ap. V, R. 44.3.

El interés legal dispuesto en el inciso (a) de dicha regla tiene como propósito evitar el atraso irrazonable en el cumplimiento de las obligaciones existentes y promover su satisfacción en el menor tiempo posible. *González Ramos v. Pacheco Romero*, 209 DPR 138, 146 (2022); *Montañez v. U.P.R.*, 156 DPR, a la pág. 425. Este interés se computa sobre la cuantía de la sentencia, incluidas las costas y los honorarios de abogado, desde la fecha en que se emite la sentencia hasta su satisfacción. Además, su imposición resulta mandatoria a toda parte perdidosa, sin distinción alguna. *González Ramos v. Pacheco Romero*, 209 DPR 138, 146 (2022); *Malavé v. Oriental*, 167 DPR, a la pág. 608; *Gutiérrez v. A.A.A.*, 167 DPR, a la pág. 136; *Montañez v. U.P.R.*, 156 DPR, a la pág. 426.

Por otro lado, el inciso (b) de la Regla 44.3 de Procedimiento Civil, regula el interés legal por temeridad, conocido como interés presentencia. *Marrero Rosado v. Marrero Rosado*, 178 DPR 476, 504 (2010). A diferencia del interés post sentencia, este se fija sobre la suma principal de la sentencia dictada, sin incluir las costas ni los honorarios de abogado. *González Ramos v. Pacheco Romero*, 209 DPR, a la pág. 146; *Gutiérrez v. A.A.A.*, 167 DPR, a la pág. 137.

Los intereses presentencia solo se pueden imponer en casos de cobro de dinero o de daños y perjuicios. *Marrero Rosado v. Marrero Rosado*, 178 DPR, a la pág. 505. En los casos de cobro de dinero, se computan desde que surge la causa de acción. Por el contrario, en los casos de daños y perjuicios, el cómputo se realiza a partir de la fecha de

presentación de la demanda. *Gutiérrez v. A.A.A.*, 167 DPR, a la pág. 137; *Montañez v. U.P.R.*, 156 DPR, a la pág. 425.

La imposición de este interés legal es altamente discrecional y un foro apelativo solo intervendrá con la determinación de imponerlo si se demuestra que se cometió un abuso de discreción. *Marrero Rosado v. Marrero Rosado*, 178 DPR, a la pág. 505; *Elba A.B.M. v. U.P.R.*, 125 DPR 328-329 (1990).

III

En primer lugar, atendemos el planteamiento de CCAR en su segundo señalamiento de error. Por medio de este, aduce que el tribunal *a quo* incidió al imponer intereses presentencia, sin haber mediado una determinación de temeridad[10].

Examinadas las sendas posturas de las partes litigantes, así como los documentos que obran en el recurso, concluimos que se cometió el error apuntado.

Ciertamente, el porcentaje aplicable al momento de dictada la sentencia, según establecido por la OCIF, era de 9.25%[11]. Así pues, como acertadamente concluyó el tribunal recurrido, correspondía modificar la tasa del interés legal aplicable de 4.25% a 9.25%.

Sin embargo, de conformidad al ordenamiento jurídico vigente, y contrario a lo dispuesto por el tribunal *a quo*, dicho interés legal no resulta computable desde la fecha de la presentación de la demanda.

Conforme reseñado, para que proceda la imposición de intereses presentencia, han de satisfacerse dos requisitos: (1) que el caso verse sobre cobro de dinero o daños y perjuicios; y, (2) que se haya realizado una determinación de temeridad.

Si bien el presente caso versa sobre una reclamación por daños y perjuicios, el foro primario no realizó determinación alguna de temeridad en

---

[10] En su alegato en oposición, la parte apelada aduce escuetamente que CCAR debió haber planteado dicho asunto en la primera apelación presentada ante este foro, en el recurso KLAN202400344. No obstante, su planteamiento carece de fundamento jurídico alguno que nos persuada de ello.

[11] Véase, https://www.ocif.pr.gov/interes-aplicable (última visita el 14 de julio de 2025).

su dictamen. Ausente tal determinación, no procedía la imposición de intereses presentencia.

Ahora bien, lo antes resuelto no descarta por completo la imposición de intereses legales en este caso. Adviértase que el derecho vigente también reconoce la imposición de intereses legales post sentencia, los cuales resultan mandatorios a favor de toda parte victoriosa en las sentencias que ordenen el pago de dinero, como aquí ocurre. En ese sentido, el foro *a quo* venía obligado a fijar el interés legal, a computarse desde la fecha en que se emitió la sentencia y hasta su satisfacción.

Habiendo concluido lo anterior, resulta innecesaria la discusión del primer señalamiento de error.

IV

A la luz de lo antes expuesto, procede **modificar** la *Sentencia nunc pro tunc* emitida el 14 de abril de 2025, notificada al día siguiente, a los fines de que el interés legal sea computado desde la fecha en que se dictó la sentencia y hasta que esta sea satisfecha. Así modificada, se confirma.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones